## J. J. BRATTON V. THE STATE.

### *No. 578.    Decided May 18.*

**1. Continuance—Contradictory Statements as to Facts.**—On a trial for horse-theft, where defendant made an application for continuance for two witnesses, by whom it was stated he expected to prove he had purchased the horse from one S., and it appeared that on a prior day he made application for attachments for witnesses by whom it was stated he could prove that he bought the horse from one G., and these attached witnesses, though present, were not asked to testify, and no attempt was made to explain the palpable contradiction, *Held*, the application for continuance was properly overruled.

**2. Defendant as Witness—Impeachment of as a Convict—Evidence.**—On cross-examination of the defendant as a witness, it is competent to impeach him by his own statement that he had previously been a convict, for horse-theft, in the penitiary, without producing the record of his conviction.

**3. Same.**—On cross-examination of defendant as a witness, he was asked if, while in jail, he had not procured a fellow-prisoner to write him a bill of sale and sign it with the name of a party he claimed to have bought the horse from. And he answered, he had no recollection of the matter; and the other fellow-prisoner was introduced and testified to these facts, to which testimony defendant objected, because the bill of sale had not been introduced or accounted for. *Held*, the bill was not necessary to prove the fact.

**4. Witness—Convicted Felon—Evidence as to—Practice.**—After a witness had testified, it was ascertained from him that he had been convicted of a felony, and defendant moved to exclude his testimony on that ground. *Held*, that to support this motion the record of conviction was necessary, and that defendant having failed to produce the record, the motion was properly overruled.

APPEAL from the District Court of Gonzales. Tried below before Hon. T. H. SPOONER.

This appeal is from a conviction for horse-theft, the punishment being assessed at ten years in the penitentiary.

A statement of the facts as to the theft is not necessary. No additional statement is required to illustrate the matter discussed in the opinion.

*W. W. Glass*, for appellant.—1. The court erred in forcing defendant to testify that he had been convicted of the theft of a horse, and sent to the penitentiary for same, over the objection of defendant, because the judgment of conviction would have been the best evidence; and the defendant made that objection to the court before said evidence was admitted.

Conviction of former offenses of a witness may be introduced for the purpose of discrediting his testimony, but the best evidence of his conviction is the judgment; and secondary evidence is not admissible until it is shown that the best can not be had. Wills. Crim. Proc., art. 730; White v. The State, 33 Texas Crim. Rep., 177.

2. The court erred in permitting the district attorney to ask defendant, while he was testifying in his own behalf, and forcing him to answer, that he had no recollection of having a bill of sale written by

a Mexican (Lopes), while in jail, to this horse, purporting to be the act of one Juan Garza; because the bill of sale would have been the best evidence of its contents, and the State had not accounted for the best evidence, and laid no predicate for the admission of secondary evidence.

3. The court erred in permitting the district attorney to prove by the witness Lopes, that he was in jail last fall with defendant Bratton, and that while there defendant got him to write a bill of sale to this horse, and sign the name of.a Mexican by the name of Juan Garza to same, which was a forgery; because the bill of sale was the best evidence of its contents, and the State had laid no predicate for the introduction of secondary evidence, not having accounted for the best evidence.

4. The court erred in allowing the State to prove the contents of the written instrument purporting to be a bill of sale written by the witness Lopes; because the instrument itself would not have been admissible in evidence unless it had been filed among the papers according to law, and the defendant have been put on notice that the State would use same as evidence in the case, under the same rules as in civil cases. Sayles' Civ. Stats., "Evidence," Rules 9 and 10; Machine Co. v. Millett, 29 S. W. Rep., 80.

5. The court erred in permitting the State to prove by the witness Lopes, that he had written this forged bill of sale to the horse for defendant while in jail, and signed the name of Juan Garza to same; because the witness was an unpardoned convict, and was not competent to testify in any case. Sayles' Civ. Stats., art. 2248; Brown v. Makeig, 28 S. W. Rep., 1050; Railway v. Duelm, 25 S. W. Rep., 406.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction for the theft of a horse, the property of M. C. McCoy.

There was no error in refusing to continue the case for the testimony of Melvin Davis and Frank Lee. By these witnesses, appellant swears that he could prove that he purchased the horse from Ed Slickeison. This trial was had on the 21st day of January, 1895. On the 9th day of said month appellant, in his application for attachments, swore that he could prove by Ed Slickeison and J. O. B. Smith that he bought the horse from a Mexican named Juan Garza. Ed Slickeison and Smith were present, but were not placed on the stand, because, we suppose, the theory of the defense of necessity had changed, and hence a change of witnesses. There is no attempt to explain this palpable contradiction. Appellant knew whether he obtained the horse from Slickeison or Garza. Appellant testified. Upon cross-examination, over his objections, the State proved he had been convicted and sent to the penitentiary for the theft of a horse; the objection being, that the record was the best evidence. For the purpose this evidence was introduced,

namely, to impeach the witness, the record was not necessary. Appellant, being on the stand as a witness in his own behalf, was asked by the district attorney on cross-examination if he had not procured (while in jail) one Lopes to write a bill of sale of the horse in question, and sign thereto the name of Juan Garza. He answered, that he had no recollection of this matter. Lopes was introduced, and swore, that at the request of appellant he had written such a bill of sale. To this appellant objected, because the bill of sale had not been introduced or accounted for. Appellant had possession of the bill of sale, and, whether this was so or not, the bill itself was not necessary. After these facts were testified to by Lopes, the attorney for the defendant ascertained from him that he had been convicted of felony, whereupon he moved to exclude his evidence, which was refused, and this is assigned as error. To support this motion, the record of conviction must be adduced. From the explanation attached to the bill of exception by the learned judge, it appears that the record of conviction was demanded by the State, and that "the defendant failed to introduce the record of conviction."

We have found no error in this record, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.