### SAM WADE v. THE STATE.

#### No. 2216. Decided June 12, 1901.

**1.—Insanity—Evidence.**

Where the defense is insanity, in a criminal case, the verdict of sanity, if supported by evidence, will be approved, although there was a preponderance in the number of the witnesses in favor of defendant's insanity.

**2.—Jury Discussing Defendant's Failure to Testify—New Trial.**

Where the defendant put a witness upon the stand who testified that defendant had told him, the witness, during the progress of the trial and before the argument was concluded, that he, defendant, could have explained matters under investigation by the jury if he, defendant, had been placed upon the stand; Held, that defendant having introduced the testimony, he can not complain that the jury, in considering the case on their retirement, discussed this evidence in the case as to his failure to testify, and his motion for new trial based upon this supposed misconduct of the jury was properly overruled. Having voluntarily introduced this evidence, he can not be heard to complain that the jury discussed it as they saw fit.

Appeal from the District Court of Hill. Tried below before Hon. William Poindexter.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

During the progress of the trial, defendant placed Adam Files upon the stand as a witness, who testified as follows: "I am the bailiff, and have had charge of the prisoner during the trial, conveying him to jail and back to court. From defendant's acts and conversations, I am of opinion that he is of unsound mind." Being asked by defendant to state upon what he based such opinion, the witness said: "As I was bringing him back from jail to-night he seemed to think he was convicted. Asked me if there was no way he could get a new hearing. Said he did not want to go to the penitentiary, and said, if they had just put me on the witness stand I could have told all about how it was."

The State did not cross-examine this witness. The circumstances attendant upon the discussion by the jury of defendant's failure to testify are fully stated in the opinion.

*Wear, Morrow & Smithdeal,* for appellant.—The new trial should have been granted because the jury discussed defendant's failure to testify. Tate v. State, 38 Texas Crim. Rep., 261; Hunt v. State, 28 Texas Crim. App., 149; Reed v. State, 29 Texas Crim. App., 449; Jordan v. State, 29 Texas Crim. App., 595; Johnson v. State, 31 Texas Crim. Rep., 464; Wilkins v. State, 33 Texas Crim. Rep., 320; Richardson v. State, 33 Texas Crim. Rep., 518.

Now we respectfully cite the case of Gann v. State, 59 Southwestern Reporter, 896, as a case directly in point, so far as the principle governing this case is concerned, and we earnestly ask the court to examine it in connection with the evidence in this record showing a manifest and flagrant violation of the statute which prohibits any reference to the failure of appellant to testify, and provides that no reference thereto shall be made. True the question in the Gann case is not as to the misconduct of the jury, but the question therein raised is as to a violation of article 823, Code of Criminal Procedure, which provides, among other things, that a former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument. Now, the force of the objection to the effect that reference was made to a former conviction is sought to be parried by an indorsement upon the bill of exceptions of similar import to the indorsement by the learned judge on the bill of exceptions in this case. In this case the learned judge, in approving the bill, refers to the fact that a witness for appellant who was placed upon the stand to give his opinion that appellant was of unsound mind, stated as one of his reasons for that opinion that in a conversation had by him with appellant, appellant stated that they ought to have put him (appellant) on the stand, and that inasmuch as that evidence was before the jury, the misconduct of the jury would not entitle appellant to a new trial. Now, in the Gann case the trial judge approves the bill with the explanation that during the trial the State and the defendant, in the examination of their witnesses, had alluded to a former trial, without objection on the part of defendant or State, and Judge Brooks, delivering the opinion of the court, after quoting article 823, Code of Criminal Procedure, among other things, says: "This statute is mandatory. There should be no effort on the part of prosecuting attorneys to violate either its letter or spirit, and we think these remarks violate the spirit and the letter of the statute. The object of this statute is apparent. It was passed with one purpose, and that is to give appellant a fair and impartial trial, regardless of the result of the previous trial." This court has uniformly held, in just as strong language, that the statute prohibiting any reference to the defendant's failure to testify is mandatory, and that the purpose of the statute is to give to the defendant a fair and impartial trial in the event he

chooses not to testify can not be doubted. Now in the first place we submit that because, forsooth, a witness in testifying as to the acts, conduct, and conversation of appellant upon which the witness based the conclusion that appellant was of unsound mind, happens to state among other things that appellant, in his simplicity, thought, before the trial was ended, that he was convicted and complained that his attorneys ought to have put him on the stand, would not surely deprive appellant of the safeguard vouchsafed him by the statute, and that on account of such remark of the witness the jury would surely not be authorized to disregard a mandatory provision of the statute, and discuss without restraint the defendant's failure to testify. Again, we respectfully submit that both the spirit and the letter of the statute and the decisions of this court have been violated by the jury who rendered the verdict in this case, as is manifest from the record. Would it be seriously contended that this unfortunate man has had his rights guaranteed by the statute referred to respected, when some of the jurors who hesitated for hours and days before they would consent to render a verdict against appellant in the face of the testimony of twenty-five witnesses, after having had the argument used upon them by others of the jury that defendant's attorneys were afraid to put him on the stand, and other discussions of defendant's failure to testify, finally yielded and rendered a verdict of guilty against appellant? We believe that if there is to be any relaxation of the rule already adopted by this court in the construction of this statute that it will be in a case where there can be no serious questions entertained as to the mental balance of the party on trial, and not in a case where the testimony of twenty-five reputable witnesses, showing an intimate association with appellant, a great many of them for twenty-five years, is only met by the ipse dixit of two witnesses who failed to show any intimate association or acquaintance with appellant.

*C. F. Greenwood,* County Attorney; *D. Derden, B. Y. Cummings,* and *Rob't A. John,* Assistant Attorney-General, for the State.—The testimony of the witness Files was elicited by defendant himself. The State is not responsible for this testimony. It did not cross-examine the witness; had nothing to do with it. Now, because the jury discussed the failure of the defendant to testify, appellant seeks a reversal of this case, when he injected proof of that fact into the record himself, knowing full well at the very time what he expected his witness to testify, for undoubtedly they had conversed with the witness and knew what he was going to say. Appellant permitted and forced this testimony before the jury; it became a part of the case; the jury could not discuss all the evidence without discussing the testimony of the witness Files. It was a part and parcel of the record, brought out by defendant on his own volition, during the argument of the case, and the very conversation the witness details shows the intelligence of appellant. He had

heard all the testimony; he must have known that the testimony on the issue of insanity was supremely ridiculous; that no jury would excuse him on that ground. He had by the cross-examination of the witness Johnson shown that he had made a statement shortly after the alleged shooting, in which he then claimed self-defense; and his conversation with the witness Files shows that after listening to all the testimony and a number of the arguments of counsel he was satisfied the jury would be compelled to convict him. He did not want to be convicted; he did not want to go to the penitentiary; he so stated to this witness, and then said if they had just let him gone on the witness stand he could have told all about how it was. This shows the intelligence of the man; shows his good judgment; demonstrates that he had sufficient judgment to know the full force and effect of testimony, and fully realized what the consequences would be, and with the knowledge of all this, he expressed a desire to this witness to go on the witness stand, and deplored the fact that he had not gone on the stand; that if he had, he could have told all about it.

Now, because the jury discussed the failure of defendant to testify, he seeks a new trial,—injects an issue in the case, and then seeks to take advantage of it. The testimony shows that the jurors remembered the testimony of Mr. Files. They naturally wondered why appellant did not go on the stand, the matter being brought prominently before their minds through his own statements to his own witness. As a matter of course they were surprised that he rested his case upon the plea of insanity.

The question presented here has not, so far as our knowledge extends, arisen in the same form before in this State, with reference to the jury discussing the failure of defendant to testify. We are familiar with that line of decision holding that where the jury discuss and use it as a circumstance against defendant, that this court holds the same is a violation of the statute. But it certainly can not be contended that where defendant himself puts the issue before the jury on his own motion that the State should be held responsible for it. Such was never the intention of the Legislature in creating the statute in question. We frankly concede that wherever it appears that the jury or State's counsel have violated the statute, the court should readily grant a new trial. But if the time has come in the judicial history of this State that a defendant can inject this issue in the case, and then obtain a new trial, then we assert the State is powerless to punish for crime and hold responsible any offender, for it lies within the power of the defendant in every criminal case to bring about a new trial. All in the world he has to do is to stay off the witness stand, then call the attention of the jury to the fact that he had a right to testify, and did not take advantage of it, and the hands of the State are tied as a consequence.

Suppose upon a trial of a case defendant does not go upon the stand, but after the evidence is all in and as the jury file out to consider their

verdict, the defendant gets up in open court and tells the jury that he has not testified; that they have not had the benefit of his side of the case; would he be entitled to a new trial? Suppose he puts a witness upon the stand and in some ingenious and circuitous way proves by the witness in some form or other that defendant had not gone upon the stand but that he desired to go upon it and testify in the case; would he be entitled to a new trial? Again, suppose his counsel call the attention of the jury to the fact that defendant sits silent and says not a word, and that they are compelled to try his case without the benefit of his testimony; would the court hold that he was entitled to a new trial? This is the plain, unavoidable proposition in this case. The State in this case kept its hands clean, and did not inject the issue in the case. It did not even cross-examine the witness and made no reference to the matter whatever in argument.

.We desire to give our unqualified approval to the opinion of this court rendered by Judge Henderson in Parker v. State, 39 Texas Criminal Reports, 263. This opinion to our minds is a true, consistent, logical, and legitimate interpretation of the statute in question, and the court laid down the proper rule in that case when it held that whenever defendant through his counsel injected the issue in the case, that he could not then claim the benefit of the statute. We say this position is the law; is bound to be in the very nature of things. If it is not the law, then it is beyond a physical and legal possibility to enforce the criminal laws of this State, and we implicitly rely upon the philosophical reasoning of that opinion, which very properly overruled the former authorities upon that question.

BROOKS, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary. On the trial appellant relied upon insanity and self-defense as defenses. The evidence on the issue of insanity, so far as the number of witnesses is concerned, largely preponderates in favor of appellant; but the jury are the judges of the credibility of the witnesses and the weight to be given their testimony, and, the evidence being sufficient to support their finding, we will not disturb the same.

The last complaint of appellant is the misconduct of the jury, after their retirement, in discussing the failure of appellant to testify. It appears by bill of exceptions that the following are the facts upon which appellant seeks reversal: Upon the trial appellant was not placed upon the stand. A. W. Kerr, one of the jurors, states that in the deliberations of the jury the fact that the defendant failed to go on the stand and testify was discussed by the jury. "I could mention no particular remarks with reference to it, more than some of them. I do not remember the names of the parties, mentioned the matter. It was stated on the trial by a witness that defendant would like to testify, and if he had he would have told the whole thing, and that brought about a discussion in the jury room; and it was discussed pro and con, and

some of them suggested that we go back in the courtroom and have defendant to testify. Then it was discussed as to whether the judge would let him testify at that stage of the trial, and we decided he would not. That was all there was about it. It was talked about when we first went out, and talked more or less until the time the verdict was rendered." On the cross-examination of this juror, he stated: "After three speeches had been made in the case, and about the conclusion of the third speech, defendant put a witness on the stand during the argument. It was proven by said witness that defendant had said to the witness that evening, when carrying him to jail, that if they had let him go on the stand, he would have told the whole thing. The evidence was brought out by defendant. Defendant put the witness on the stand." The other jurors in the case testify substantially as above, and in addition stated that the matter was freely and fully discussed by the jury. Appended to the bill of exceptions is this explanation by the judge: "That defendant having put the witness Files on the stand, and proved by him that defendant had said to him that if he (defendant) had been put on the witness stand he could and would have told all about it, etc., the defendant could not complain of the fact that the jury discussed the evidence introduced in the matter stated in this bill and in the statement of facts." By a long line of authorities we have held article 770, Penal Code, is mandatory, and that the jury must not consider the fact of the failure of the defendant to testify as a circumstance against him. Tate v. State, 38 Texas Crim. Rep., 261; Hunt v. State, 28 Texas Crim. App., 149; Reed v. State, 29 Texas Crim. App., 449, and many other authorities. An inspection of these cases, however, shows it was a gratuitous use of the fact that defendant failed to testify on the part of the prosecution or some meddlesome juror in their deliberation over the rights of defendant. The facts before us do not show the same state of facts. Here the defendant put the witness on the stand, who testified to the fact that defendant had told him (witness) that he (defendant) could have explained matters under investigation by the jury, if he (defendant) has been placed on the stand. Being a voluntary proof of the fact of his failure to testify by defendant himself, through his counsel, certainly appellant can not complain; for, after proving said fact, it becomes evidence in the trial of the case, and the jury can discuss it as they see fit. In Parker v. State, 39 Texas Criminal Reports, 264, we held that, where the defendant himself brings forward in argument his failure to testify, a reiteration of this fact by the State in the course of its argument will afford no ground for a reversal of the case. So we hold here that, where defendant introduces the fact for the consideration of the jury that he has failed to testify, he can not complain because the State's counsel comments upon the same, nor that the jury, in considering and passing upon his rights, discusses the same in all of its phases. The statute inhibiting the State's counsel or jury from commenting upon or alluding to the fact of defendant's failure to testify, or the jury from considering and

discussing the same, in passing upon the rights of the defendant with the evidence adduced upon the trial, is a defensive statute, and not an offensive one. Before a defendant can avail himself of its provisions, the spirit, letter, object, and purpose of the statute must not be violated first by himself, and then seek subsequently to use it as a weapon of defense. We do not think the court erred in refusing a new trial on this ground. We must say here that we deprecate the use of the failure of the defendant to testify. It should not be proven on the trial, and should not be considered by the jury at all. But, as indicated, if appellant or his counsel places the fact in evidence, he can not be heard to take advantage of his own wrong.

No error appearing in the record requiring a reversal, the judgment is affirmed.

*Affirmed.*