LOUIE TERRELL v. THE STATE.

No. 4624.   Decided October 17, 1917.

**1.—Assault With Intent to Murder—Severance—Statutes Construed.**

Where, upon trial of assault with intent to murder, the orders of the
court placing defendant upon trial deprived him of no right under article 726,
C. C. P., and in the absence of an agreement, with himself and his codefendant
as to the order of trial, and that the severance would have resulted in a con-
tinuance, there was no reversible error. Following Stouard v. State, 27 Texas [1]
Crim. App., 1, and other cases.

**2.—Same—Change of Venue—Discretion of Court.**

Where, upon trial of assault with intent to murder, defendant sought a
change of venue on the ground of prejudice and his application was controverted
by the State, and overruled by the court after hearing tstimony, there was no

reversible error in the absence of a showing of an abuse of discretion vested in the court. Following Joy v. State, 57 Texas Crim. Rep., 93, and other cases.

### 3.—Same—Continuance—Practice in District Court—Codefendant.

Where the defendant sought a continuance to secure the testimony of three witnesses to show the size, temper, etc., of the injured party, and still another witness who could not be secured on account of sickness, and it was shown by the qualification of the bill of exceptions that two or three of the witnesses were present at the trial by whom this fact could have been shown but were not put on the stand, and that the absent witness was a codefendant, there was no error in overruling the application. Following Blaine v. State, 34 Texas Crim. Rep., 448, and other cases.

### 4.—Same—Misconduct of Jury—Allusion to Defendant's Failure to Testify—Punishment.

Where, upon trial of assault with intent to murder, defendant's motion for new trial complained of the misconduct of the jury, because it received evidence in its retirement and some of the jurors alluded to the defendant's failure to testify, and the facts on the motion showed that the jurors discussed the defendant's age and there was testimony as to this fact, and there was only a casual reference to his failure to testify, there was no error in overruling the motion for new trial, and the matter of punishment was a fact for the jury in the absence of any showing that there was prejudice or passion which controlled the jury.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of assault with intent to murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*Birmingham & Johnson,* for appellant.—On question of defendant's failure to testify: Hargrove v. State, 99 S. W. Rep., 1121; Hopkins v. State, 68 id., 986; Knight v. State, 64 Texas Crim. Rep., 541, 147 S. W. Rep., 268; Key v. State, 161 S. W. Rep., 130; Lankster v. State, 43 Texas Crim. Rep., 298.

On question of facts dehors the record: Kate v. State, 42 S. W. Rep., 597; Wilson v. State, 46 id., 252; Jones v. State, 72 Texas Crim. Rep., 496, 162 S. W. Rep., 1142; Clark v. State, 76 Texas Crim. Rep., 348, 177 S. W. Rep., 84; Stone v. State, 185 S. W. Rep., 193.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of severance: Reed v. State, 11 Texas Crim. App., 509; Shaw v. State, 39 Texas Crim. Rep., 161; Wilson v. State, 168 S. W. Rep., 1114.

On question of allusion to defendant's failure to testify: Leslie v. State, 49 S. W. Rep., 73; Mason v. State, 81 id., 718; Parrish v. State, 48 Texas Crim. Rep., 347; Jenkins v. State, 49 id., 461.

MORROW, Judge.—On an indictment for assault with intent to murder, appellant was convicted and his punishment assessed at confinement in the State penitentiary for twelve years.

Ed Bennett, Emma Rice and appellant were charged by separate indictments with an assault to murder T. S. Stites. There is evidence

supporting the following recital of facts:   T. S. Stites was a man fifty-two years old, ruptured, and having a crippled hand.  He and his son, a boy, were traveling in a buggy, and Mr. Brooks and his boy in another buggy, at night, and met Ed Bennett driving an automobile in which, besides himself, appellant and Emma Rice were riding.  The automobile in passing Stites' buggy, which was in front, came near striking it, and did strike and overturn and break the buggy in which Brooks and his son were riding.  That the collision was due to the failure of Bennett to give a proper portion of the road.  Brooks was caught in the wreck of his buggy, but was extricated uninjured by his son, and after telling Bennett that he must pay for the wreck, Bennett consenting, Brooks went after his horse.  Stites had a flash light, and with this in his hand got out of his buggy and walked back to the scene of the wreck, and was undertaking, with the flash light, to show the tracks of the buggy and automobile, to make good his contention that the fault was Bennett's in failing to give part of the road.  A quarrel followed in which Bennett attacked Stites with a knife, cutting him several times, Stites defending by striking with his fists and by catching and holding Bennett's hand containing the knife.  Emma Rice called to appellant, who had not previously taken part in the difficulty, to help Bennett, whereupon he went up behind Stites and stabbed him in the side with the knife, giving him a serious wound. Stites called for help.  Mr. Brooks returned at about this time, and he and his son assisted Stites to his buggy and removed him to a doctor. Appellant was nineteen years of age.  It was quite dark, and there is some suggestion in the evidence that Stites had struck one of his assailants with his flash light.  This was denied, however, and there was some testimony that while they were removing Stites, after he fell, that appellant cursed and started to follow him.

The trial began April 26th.  Shortly before the trial began appellant filed a motion to sever from Ed Bennett, which motion was granted, the court directing that Bennett be first tried.  Appellant also filed a motion to sever from Emma Rice, charging that there was not sufficient evidence to convict her, and that she was a material witness, asking that she be put on trial before the appellant.  It appears that Emma Rice also filed a similar motion asking that Ed Bennett and Louie Terrell be tried before she was tried.  The court entered an order overruling appellant's motion to sever from Emma Rice, but, in effect, granting her motion, stating that to grant appellant's motion and direct that she be first tried would operate a continuance of the case, she being sick in bed; and in the order the court further recited that Emma Rice and appellant having failed to agree on the order of trial, that the court would direct that appellant be first tried.  These orders deprived appellant of no right given him by the statute, article 726, entitling him to a separate trial, and in view of the fact that there was no agreement between him and Emma Rice as to the order of trial, the court, under article 727, was specifically authorized to direct it. Moreover, it appearing that to have directed the trial of Emma Rice

first, in advance of that of appellant, would have resulted in a continuance, it was not error to deny it. Stouard v. State, 27 Texas Crim. App., 1; Williams v. State, 27 Texas Crim. App., 466; Thompson v. State, 35 Texas Crim. Rep., 511; Bruce v. State, 76 Texas Crim. Rep., 72, 173 S. W. Rep., 301; Millner v. State, 75 Texas Crim. Rep., 22, 169 S. W. Rep., 899.

Appellant sought a change of venue on the ground of prejudice against him under article 628 of the Code of Criminal Procedure. His application was controverted, and about twenty witnesses testified. There was some conflict of testimony. It appeared, however, that the county had a population of some fifty thousand, and the county seat about fifteen thousand, and of the witnesses who testified a great preponderance in number gave opinion that there existed no such prejudice as would make it improbable that appellant would receive a fair trial. The finding of the court to that effect, we think, is supported by the preponderance of the evidence, and in any event there was no such abuse of the discretion vested in the trial judge as would authorize this court to reverse the judgment for failure to change the venue. C. C. P., art. 634; Joy v. State, 57 Texas Crim. Rep., 93; Myers v. State, 77 Texas Crim. Rep., 239, 177 S. W. Rep., 1167, and other cases listed in Vernon's C. C. P., p. 342.

Appellant sought a continuance to secure the testimony of three witnesses who resided in the City of Paris, where the case was tried; also to secure the testimony of Emma Rice, whose attendance could not be secured during the trial because of her sickness. The three witnesses residing in Paris were wanted to show that Stites, the injured party, was a powerful man, with a violent temper, and a dangerous character. It is shown by the court's qualification of the bill that two or three of the witnesses named were present at the trial and not put on the stand. Emma Rice was not available to appellant as a witness; she being indicted as a principal, was precluded from testifying under article 791, C. C. P.; also under article 91, P. C. Stites, the injured party, had lived in the county for seventeen years. The action of the trial court in overruling the motion is, we think, sustained by the decisions of this court. At least two, and possibly all of the witnesses named in the application, who were qualified to testify, are shown by the bill to have been present. All of them were wanted to prove the same fact, namely, that the injured party was a powerful man, violent and a dangerous character. Those who were present were not used. Halliburton v. State, 34 Texas Crim. Rep., 410; Craft v. State, 31 S. W. Rep., 367; Blain v. State, 34 Texas Crim. Rep., 448; Bratton v. State, 34 Texas Crim. Rep., 477; Johnson v. State, 31 Texas Crim. Rep., 456; Wade v. State, 65 Texas Crim. Rep., 125, 144 S. W. Rep., 246; Vernon's C. C. P., p. 323, note 25, and cases listed.

Misconduct of the jury is charged, first, because of the receipt by the jury of evidence in its retirement; and, second, allusion to appellant's failure to testify. The motion was controverted, and the jurors called as witnesses. There appears to have been a remark made by one

of the jurors that appellant was a boy, and that his punishment should be lighter on that account, to which reply was made, "he was old in ways," or something like that; "he had been a man a long time," or something like that. There is some conflict as to whether this occurred before the verdict was reached. In the course of the deliberations some of the jurors were for fifteen years and some for a lower term; they finally agreed on twelve years. We do not think this comes within the rule prohibiting receipt of other testimony. The appellant was, of course, present at the trial, made proof of his age, and thereby the matter of his age was a proper subject for discussion in the deliberations of the jury. Wade v. State, 43 Texas Crim. Rep., 212.

On the matter of comment on his failure to testify, all of the jurors except one declared that there was no such reference. One of them declared that the matter was mentioned. The court, in qualifying the bill, states that it did not occur. What took place was a question of fact necessary to be determined by the trial judge from the evidence heard on the motion. His finding would not be conclusive, but under the record we do not think it should be disturbed. Appellant received a high punishment. This, however, was within the exclusive province of the jury, and in the absence of error in the trial, or evidence tending to show that the verdict was the result of and enhanced by passion and prejudice, it ought not to be disturbed on appeal solely on account of the extent of punishment.

The judgment of the lower court is affirmed.

*Affirmed.*