### ARBUCKLE v. STATE. (No. 9760.)

(Court of Criminal Appeals of Texas. Jan. 13, 1926. Rehearing Denied Feb. 17, 1926.)

1. **Criminal law 657—Correction of court, by apologizing and remitting fine of witness who had appeared in court for trial in state of stupor of drunkenness, held not to affect jury's belief as to veracity of witness.**

Where husband of deceased, who was only eyewitness to homicide, came into courtroom as witness for state in condition of stupor of drunkenness, and trial judge held him in contempt and fined him, and next day, when on cross-examination witness stated that he had been sick and nervous, judge stated that he owed him an apology and remitted the fine, *held* that court's correction could in no way affect jury's belief as to veracity of witness.

2. **Witnesses 337(6)—Forcing accused, on cross-examination, to state whether he had been arrested for bootlegging proper.**

In murder prosecution, forcing accused on cross-examination to answer whether there was complaint filed against him and he had been arrested on charge of bootlegging, *held* proper.

3. **Criminal law 1097(5)—Court of Criminal Appeals cannot pass on issues whose applicability depend on facts of case where no statement of facts was filed.**

Court of Criminal Appeals cannot pass on question of whether special charges refused should have been given, where they present issues whose applicability cannot be determined in absence of facts, and case is before it without any statement of facts.

On Motion for Rehearing.

**4. Criminal law ⬤══1043(3)—Court of Criminal Appeals reviews only correctness of trial court's action in ruling on objections that are made.**

Trial court is only called upon to rule on objections that are made, and Court of Criminal Appeals has before it only review of correctness of trial court's action in overruling such objection.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

W. F. Arbuckle was convicted of murder, and he appeals. Affirmed.

See, also, 280 S. W. 824.

G. W. Lindsey, of Dallas, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. Appellant was convicted in criminal district court No. 2 of Dallas county of the offense of murder, and his punishment fixed at 25 years in the penitentiary.

[1] The case is before us without any statement of facts. Appellant urges that his bills of exception Nos. 4, 5, and 6 show reversible error, in spite of such absence of facts. Bill No. 4 sets up that Jack Williams, husband of deceased, was the only eyewitness to the homicide, and on the day the case was first set for trial he came into the courtroom, as a witness for the state, in such condition of stupor or drunkenness that the learned trial judge held him in contempt, fined him $100, and ordered him sent to jail. It is further set up that on the next day, while the case was being tried, and on cross-examination of this witness, the defense sought to show that he was a dope fiend, and "drunk or full" when the court had him sent to jail the day before. The witness stated that he was neither drunk nor under the influence of dope, but was sick and highly nervous. It is set up that thereupon the trial judge said to the witness:

"I owe you an apology, if you were sick yesterday. Mr. Clerk, remit that fine. A grave injustice has been done, and I owe this man an apology."

It is urged that this action of the court was in some way hurtful to appellant. We do not think so. If the court had hastily and in the presence of any member of the jury waiting to be passed on, fined said witness and ordered him to jail, it was but the manly and proper thing for him to make the apology likewise upon the discovery of his mistake. The court's correction could appear in no way to affect the jury's belief as to the veracity of said witness.

[2] Bill No. 5 complains that, over appellant's objection, he was forced to answer, on his own cross-examination, the question as

to whether, on complaint filed against him, he had been arrested and put in jail for a felony, to wit, bootlegging. The contention is seemingly settled against appellant. In White v. State, 26 S. W. 72, 33 Tex. Cr. 177, it is said:

"But it seems this rule does not apply when the credibility of a witness only is sought to be attacked on cross-examination, for in that state of case he may be compelled to answer as to his previous convictions of infamous crimes." (Many authorities are cited.)

See, also, Bratton v. State, 31 S. W. 379, 34 Tex. Cr. 477; Smiley v. State, 189 S. W. 482, 80 Tex. Cr. 280.

It was proper in the charge to limit the effect of this testimony.

We find nothing in bill of exceptions No. 6 calling for any action on our part in the absence of a statement of facts. We cannot determine whether the testimony was pertinent to any issue or not.

[3] The numerous special charges which were asked and refused present issues whose applicability cannot be determined in the absence of the facts. The charge as given by the court seems to fully and fairly present every issue raised.

No error appearing in the record, the judgment will be affirmed.

On Motion for Rehearing.

[4] Appellant urges that we were in error in holding that the trial court correctly overruled his objection to the question state's counsel propounded to appellant while on the witness stand, in substance, "Was there a complaint filed against you and you arrested on a charge of bootlegging while you lived on Houston street?" There are many cases cited by appellant and arguments made by him in his motion which do not seem to us to apply to the only objection made by him appearing in his bill of exceptions No. 5 complaining of this matter. We have carefully examined the bill, and again state that appellant objected on the ground that the record was the best evidence. In support of this he called the court's attention to the case of Williamson v. State, 167 S. W. 360, 74 Tex. Cr. 289. We find nothing in the Williamson Case condemning the action of the trial court in overruling the objection. The defendant or any other witness can be impeached by showing that he has been legally charged with a felony or with a misdemeanor imputing moral turpitude, and this does not demand that the proof show a conviction or an indictment. One who has been arrested upon a complaint legally filed, charging him with a felony, can be asked while a witness if such be not a fact. While it is unquestionably true that, if sufficient time has elapsed, and the matter has been investigated and no indictment returned, such matter will not be

held sufficient to impeach the person so interrogated. This objection was not made in the court below. The trial court is only called upon to rule on objections that are made, and this court has before it only a review of the correctness of the trial court's action in overruling such objection.

We are unable to agree that the charge of the court, limiting the purpose for which this evidence was admitted, is incorrect. The exception to this charge was that there was no evidence that defendant had been arrested charged with bootlegging; that the question propounded by the district attorney to defendant had been denied.

Being unable to agree with appellant in his contentions, the motion for rehearing will be overruled.