## ANDREW WHITE V. THE STATE.

*No. 358.    Decided April 18.*

1. **Witness — Incompetency of, on Account of Being a Convict — How Proved.**—It is a valid objection to the competency of a witness that he has been convicted of a felony and served a term in the State penitentiary, and had not been pardoned nor restored to citizenship. But the best evidence of such incompetency is the record of his conviction, and other testimony as to the fact of conviction, even though it may be the admission or statement of the proposed witness himself, is not admissible if objected to, or unless objection to that mode of proof be waived.

2. **Same—Distinction in Rule as to Competency and Credibility.**—Where the competency of a witness, on account of previous conviction for crime, is the issue, his incompetency can not be proved by the witness himself, if objections be urged to that mode of proof. If, however, the credibility of the witness is the issue, then he can, on cross-examination, be compelled to answer as to his previous convictions for crime.

APPEAL from the District Court of Brazoria. Tried below before Hon. T. S. REESE.

This appeal is from a conviction for assault with intent to murder, the punishment assessed being two years in the penitentiary.

In view of the disposition made of the case on the appeal, no statement is necessary.

*Wharton Bates* and *J. S. McEachin,* for appellant.—The witnesses Williams and Andy Johnson were incompetent, by reason of conviction for felony. Code Crim. Proc., art. 730, subdiv. 5; Arcia v. The State, 26 Texas Crim. App., 193.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—A bill of exceptions recites, that "the State introduced as a witness Henry Williams, who, having been duly sworn, testified, that he had been convicted of the crime of manslaughter, had served a term of two years in the State penitentiary of Texas, under a sentence on said conviction, and that he had not been pardoned or restored to citizenship." Exception was reserved to the introduction of said Williams as a witness, upon the ground that he was incompetent to testify by reason of such conviction. The exception having been overruled the witness testified. The same action and proceedings occurred in relation to the witness Johnson, who had been convicted of felonious theft, and had served a term for such conviction. From the face of these bills, it is apparent the testimony showing the incompetency of the witnesses was elicited, when offered by the State, for the purpose of rendering them incompetent, and not for the purpose of attacking their credibility. This being the case, they should have been held incompetent and their evidence rejected. It is unques-

tionably correct that the best evidence of the incompetency of a witness who has been convicted of an infamous offense is the record of such conviction; but it is equally certain that such fact may be shown by other evidence, in the absence of objection to that manner of making the proof. Had the State interposed objection to the mode of proving the incompetency of the witness the court would doubtless have sustained the objection, because the conviction of a witness for an infa-- mous crime can not be proved by the witness on his voir dire, he not being bound to answer, nor would his answer be the best evidence of which the case was susceptible. Cooper v. The State, 7 Texas Crim. App., 194; Perez v. The State, 8 Texas Crim. App., 610; Id., 10 Texas Crim. App., 327. But it does not follow that the opposing side may not waive this right, and permit the admission of inferior evidence to prove the fact. The competency of the witness being the issue, upon objection urged it was held that the records must be produced, or their absence properly accounted for, before other evidence could be resorted to to show such incompetency. Perez v. The State, 10 Texas Crim. App., 327. But it seems this rule does not apply when the credibility of a witness only is sought to be attacked on cross-examination, for in that state of case he may be compelled to answer as to his previous convictions of infamous crimes. Lights v. The State, 21 Texas Crim. App., 308; Carroll v. The State, 32 Texas Crim. Rep., 431; Goode v. The State, 32 Texas Crim. Rep., 505; The People v. Rodrigo (Cal.), 11 Pac. Rep., 481; Hollingsworth v. The State (Ark.), 14 So. W. Rep., 41; Whart. Crim. Ev., secs. 477, 489; Real v. The People, 42 N. Y., 270.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.