## MARCEY MOORE v. THE STATE.

### No. 1506.  Decided May 11, 1898.

**1.  Postponement—Diligence as to Application for—Practice.**

In an application for the postponement of the trial in order to procure record evidence to show that a proposed State's witness was a convict, and incompetent, where it was stated that defendant first discovered that the witness was an unpardoned convict while the jury was being impaneled, and the application for postponement was not made until after the voir dire examination of the witness; Held, defendant should have asked for a postponement when he first discovered the witness' incompetency, and not waited until the jury were impaneled and the plea of not guilty entered.

**2.  Witness—Incompetency—Unpardoned Convict—Proof of.**

While record evidence is the best evidence as to the fact that a proposed witness is an unpardoned convict, yet if the opposing side does not object, the fact may be proved by the statement of the witness himself that he is an unpardoned convict; and if then no objection be made to his testifying, such failure to object will be a waiver of the objection to the witness' competency.

**3.  Evidence—Unwarned Statement of Defendant.**

Where it was shown that the defendant had been sent for and brought to a certain place, but there is nothing to show that he was taken there against his will, or that he was under arrest, it is not error to admit in evidence a statement there made by him, it being objected to its admission that defendant had not been warned before the statement was made.

**4.  Burglary—Bill of Exceptions.**

On a trial for burglary, a bill of exceptions which shows that defendant was taken to a saloon, shown a watch, and asked if he had let a third party have it, and he stated that he had not; Held, that inasmuch as the bill does not attempt to connect said watch with a watch taken from the burglarized house, it is too indefinite.

**5.  Circumstantial Evidence—Charge as to.**

Where the court charged the jury that, in order to warrant a conviction upon circumstantial evidence, "each fact necessary to establish the guilt of the accused must be proved by competent evidence beyond a reasonable doubt; and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and producing in your minds a reasonable and moral certainty that the accused committed the offense;" Held, the charge was sufficient, and it was not error to refuse an instruction couched in the same language to which only was added the expression, "that the accused and no other committed the offense."

APPEAL from the District Court of Falls. Tried below before Hon. SAM R. SCOTT.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with burglary of the house of Prince Myams, with intent to commit theft. The property taken from the house was a watch. This watch appellant pawned several weeks afterwards to one Sam Gaines for a half dollar. Sam Gaines took it to the saloon of one Davidson, where he intended leaving it until Monday. Davidson recognized the watch as the one Myams had lost. Asked Gaines where he got it, and upon Gaines' stating that he got it from defendant, Davidson then told him to go and get defendant and bring him to the saloon, which Gaines did; and upon their arrival at the saloon Davidson pulled the watch out of a drawer, stuck it at defendant, and asked him if he let Gaines have it. Defendant denied that he did, and said that if Gaines said he let him have the watch he was a liar. Myams, who was also present, said he was going to have the matter investigated, and as he and defendant were going together from the saloon in search of an officer, defendant told Myams that he had let Gaines have the watch, but that he had come by the watch honestly; and as a witness in his own behalf at the trial, he, the defendant, testified that he had gotten the watch from one Rovine Willis.

When the jury were being impaneled, a strange negro told defendant's counsel that Irvin Gaines was an ex-convict. After the jury was impaneled and Sam Gaines was introduced as a witness by the State, defendant's counsel asked him if he had not been convicted of a felony, and he replied that he had been convicted in Bell County of assault to murder and had never been pardoned. Defendant's counsel then asked the court to postpone the trial until a certified copy of the conviction of said witness could be procured, which was refused by the court, and the witness Gaines was permitted to testify.

Defendant also objected to the testimony as to what defendant had stated concerning the watch at Davidson's saloon, because defendant was at that time in arrest and had not been warned.

The charge of the court upon circumstantial evidence which was excepted to by defendant is set out at length in the opinion below.

*N. J. Lewellyn, E. T. Johnson,* and *J. J. Swan,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

When the case was called for trial, Sam Gaines was introduced as a

witness for the State. On being called by the State, the defendant asked the witness if he had not been convicted of a felony, and sentenced, and had never been pardoned. The witness answered that he had been so convicted, and had not been pardoned. The defendant then asked that the trial be postponed, in order to secure a certified copy of the conviction of the witness, which is alleged to have occurred in Bell County. The postponement was refused, and an exception was reserved. In the application for a postponement it is stated that the defendant first discovered the fact that the witness was an unpardoned convict while the jury was being impaneled. The application for postponement was not made until after the witness had been examined on his voir dire by the defendant. The defendant should have applied at once, when he discovered the incompetency of the witness, for a postponement, and not delayed until after the jury had been impaneled in the case, and his plea of not guilty entered. But, even had he used the proper diligence, we do not believe it presents a reversible error. It is conceded that the record evidence of the conviction and sentence is the best evidence, and that the manner of proving the witness' incompetency by parol is secondary evidence. But the State did not object to this manner of proving the incompetency of the witness, and permitted it to be introduced unchallenged. While this is not the best evidence, yet, if the opposing side does not object, the fact can be proved in that manner. See White v. State, 33 Texas Crim. Rep., 177, and authorities there cited. Had the State interposed an objection to this manner of disqualifying the witness, that objection ought to have been sustained, but such objection was not raised. So the incompetency of the witness was shown, and the defendant should then have objected to his testifying in the case. But he did not do so, and thereby waived any right that he had in the matter. This examination by the defendant is not claimed nor shown to have been resorted to for the purpose of impeachment. He was questioned before he testified, and as soon as offered by the State as a witness. We do not think the court erred in refusing to postpone the trial of the case, under the circumstances, in order to secure the record evidence of the conviction of the witness.

Bill of exceptions number 2 recites that the State introduced the witnesses Davidson, Myams, and Gaines, who testified "that the defendant was sent for, and brought into the saloon of Davidson, and was asked by Davidson if he let Gaines have the watch; that he then stuck it out, and showed it to the defendant, and the defendant stated that he did not,"—which testimony was objected to because the defendant was not warned. The bill does not show the defendant was under arrest, nor that he was carried to the point by force, or that he was compelled to go to the place designated. That he was sent for, and brought to the place, does not state or indicate that the party was carried there against his will, or that he was under arrest. We do not see how this matter could possibly have been injurious to the appellant, for the testimony shows that he denied having the watch. The bill does not show what bearing his having or not having

the watch may have had upon the trial, or his connection with the offense charged. If we look to the statement of facts, however, we discover that at Davidson's saloon the defendant was shown the watch which was claimed to have been stolen from the house burglarized. That watch he denied ever having had in his possession. But this bill does not undertake to connect that watch with the watch taken from the burglarized house. So the bill is very indefinite, to say the least of it; and, as presented, there was no error.

The court charged the jury, in regard to circumstantial evidence, that "the State relies for a conviction upon circumstantial evidence alone, and, in order to warrant a conviction upon such evidence, each fact necessary to establish the guilt of the accused must be proved by competent evidence beyond a reasonable doubt; and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and producing in your minds a reasonable and moral certainty that the accused committed the offense." This charge was excepted to by appellant, and a special instruction requested in the identical language given by the court, except it closed with the expression, "that the accused, and no other, committed the offense." Error is assigned upon the court's charge, and the refusal to give the special instructions. We find no error in this. If the facts were inconsistent with any other reasonable hypothesis or conclusion than that of the defendant's guilt, and produced a reasonable and moral certainty that the accused committed the offense, it would be a strict compliance with the law as laid down in Smith v. State, 35 Texas Criminal Reports, 621. The judgment is affirmed.

*Affirmed.*