## Mert Price v. The State.

### No. 1769.   Decided May 8, 1912.

**1.—Carrying Pistol—Impeaching Own Witness.**

Where the State's witness denied telling the county attorney that he saw defendant with a pistol, it was reversible error to permit the county attorney to take the witness stand and testify that the witness told him that he saw defendant with a pistol.

**2.—Same—Rule Stated—Impeachment—Witness.**

The mere denial or failure to testify to a certain fact would not authorize the State to impeach its own witness; this can only be done where the witness makes affirmative testimony injurious to the State's case, and which testimony is a surprise to the State.   Following Goss v. State, 57 Texas Crim. Rep., 557, and other cases.

**3.—Same—Evidence—Moral Turpitude.**

Where defendant was permitted without objection by the State to ask a State's witness whether he had not been convicted in another State· on the charge of felony and sentenced to the penitentiary, to which the witness answered in the affirmative; this rendered him incompetent to testify, and it was immaterial when he was so convicted, as he remains incompetent until he is pardoned.   Following White v. State, 33 Texas Crim. Rep., 177, and other cases.

**4.—Same—Evidence—Moral Turpitude.**

Upon trial of unlawfully carrying a pistol, the defendant should have been permitted to impeach the State's witness by showing that he had been indicted for burglary in another county of the State.

**5.—Same—Evidence—Credibility of Witness.**

Upon trial of unlawfully carrying a pistol, the defendant should have been permitted to show that if the State's witnesses saw defendant with a pistol, that they failed to inform the officer who had charge of them at the time as county convicts.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*S. M. King,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

·DAVIDSON, Presiding Judge.—Appellant was convicted of car-

rying a pistol. 1. The first bill of exceptions recites that while the county attorney was on the witness stand, testifying in behalf of the State, defendant requested that the jury be retired in order to ascertain whether the testimony of the county attorney was material, as the county attorney was testifying in narrative, no questions being propounded. This request was granted by the court. The county attorney was then examined in the absence of the jury, after which the jury was recalled, and the county attorney was permitted to testify as follows: "Gentlemen of the jury: You remember a little while ago I asked the witness, Jesse King, if he didn't have a conversation with me at Cushing in the back of the courtroom, in which he told me that he saw Mert Price, the defendant, with a pistol, and saw the handle sticking up. He stated to me at Cushing last court day that he did see the handle of the pistol." Many objections were urged to this, which we deem unnecessary to state. The court signs the bill with the statement that the witness for the State had stated that he did not see the handle of a pistol on defendant and the county attorney claimed surprise, and was permitted to detail what he claimed was a former statement of the witness, Jesse King, regarding his statement. While this bill is not as full as it should be, yet in view of a reversal of the judgment on other grounds, we wish to call attention to the matter so that it may not occur upon another trial. Jesse King testified for the State. The defendant cross-examined him. While testifying, witness stated that his brother John, who was a witness in this case, did not like the defendant; whereupon, on redirect examination, the State asked him how he knew he did not like him. Witness in reply gave his reasons, which are not necessary here to mention. Then the county attorney asked him whether or not in a conversation with him, the county attorney, at Cushing, the last court day the matters then occurred as set out in the bill of exceptions. This testimony was not admissible. The court says the county attorney claimed surprise. The county attorney had carried the witness through an examination without mentioning this matter, and had not called witness' attention to the conversation, although the witness did not testify on the final trial that he had seen the handle of a pistol. There is nothing in his evidence that was harmful or injurious in any way to the State. It was simply a failure, if it could be dignified even as a failure of evidence. The State will not be permitted to get a fact before the jury in that way. If the witness had testified to an injurious fact or had testified to some fact against the State that was not anticipated which was hurtful, there might be some reason for the impeachment, but neither side will be permitted to get a fact before the jury on a failure of testimony when the witness refuses to testify to that fact. It is unnecessary to discuss this matter. The cases are uniform in Texas. See Goss v. State, 57 Texas Crim. Rep., 557; Ozark v. State, 51

Texas Crim. Rep., 106; Skeen v. State, 51 Texas Crim. Rep., 39; Owens v. State, 46 Texas Crim. Rep., 14; Hanna v. State, 46 Texas Crim. Rep., 5; Bennett v. State, 24 Texas Crim. App., 73; White v. State, 10 Texas Crim. App., 381; Dunagain v. State, 38 Texas Crim. Rep., 614; Finley v. State, 47 S. W. Rep., 1015. See also article 795 of the Code of Criminal Procedure, which reads as follows: "The rule that a party introducing a witness shall not attack his testimony is so far modified as that any party, when facts stated by the witness are injurious to his case, may attack his testimony in any other manner, except by proving the bad character of the witness." In the Owens case Judge Henderson said: "Under all the authorities his mere denial or failure to testify to a certain fact would not authorize the State to impeach its own witness. This can only be done where the witness makes affirmative testimony injurious to the State's case, and which testimony is a surprise to the State." To the same effect is the Goss case, an opinion by Judge Ramsey.

2. The State offered the witness Ennus Adams. With the permission of the court the defendant asked the following question: "Were you ever convicted in the State of Louisiana on a charge of felony and sentenced to the penitentiary?" to which the witness answered, yes, without objection; whereupon the defendant objected to his testifying in the case, because of his incompetency by reason of the fact he had been convicted of a felony and served in the State penitentiary of Louisiana. This rendered him incompetent under subdivision 3 of article 768 of White's Code of Criminal Procedure. The court qualified this bill as follows: "This bill is modified as showing that the witness did not state a conviction that would disqualify him from testifying. The question did not limit the conviction to any particular time. The witness answered that he was a boy when he was convicted for the felony in Louisiana." It does not make any difference when the party was convicted of a felony. Such conviction rendered him incompetent, and he remains incompetent unless pardoned by proper authority. There was no question in the case raised by the State that there was better evidence, nor was the record of conviction demanded. This matter was waived. See Branch's Criminal Law, sec. 855; White v. State, 33 Texas Crim. Rep., 177; Moore v. State, 39 Texas Crim. Rep., 266. Had the State objected on the ground that this was but secondary evidence, and the record of conviction would be the better evidence, and for that reason urged that the witness should be permitted to testify, we would have had a different proposition, but it does not come that way, and under the authorities cited the proof was ample to show the incompetency of the witness. The court erred in permitting this witness to testify in the case.

3. Another bill recites that the defendant proposed to impeach the same witness by showing he had been indicted for burglary in

Cherokee County. This should have been permitted, and the court was in error in refusing this testimony.

4. Another bill recites that appellant offered to prove on cross-examination that at the time it is claimed that he had the pistol one or more of the witnesses were under guard as county convicts, and that the officer having them in charge was present. Appellant seems to have been around the camp fire, or at least at the place where the county convicts were in charge of an officer, and the State claims it was on this occasion that appellant approached the place where they were with a pistol on his person. This testimony was offered for what it was worth as an attack on these witnesses' testimony, and as showing also that the case was trumped up and that they did not in fact see him with a pistol, his theory being that this testimony would aid the defendant in his testimony to the effect that he did not have a pistol.. That if these witnesses in fact saw appellant with a pistol at the time and place where the officer was, if they were truthful about it, they would have informed the officer about it at the time, but they did not do so. We are of opinion this testimony should go before the jury for the purposes indicated by the bill of exceptions.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*