## RICHARD WATTS v. THE STATE.

### No. 1850. Decided June 5, 1912.

**Carrying Pistol—Evidence—Convict—Pardon.**

Where, upon trial of unlawfully carrying a pistol, material testimony was admitted by a witness who was an unpardoned convict for felony there was reversible error. Article 782, Code Criminal Procedure.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*V. E. Middlebrook*, for appellant.—Cited cases in opinion.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted of unlawfully carrying a pistol.

The State introduced two witnesses, who testified clearly and positively that on the occasion charged in the indictment they saw the appellant have a pistol; that in a row that occurred between him and others he pulled his pistol off of his person, held it in his hand and presented it. In addition to this, the State introduced another witness, and before he testified as to the facts of the case appellant proved by him, without objection by the State, that he had served a

full term in the penitentiary for a felony, and had never been pardoned, nor his citizenship restored to him. The appellant then objected to his testifying, because he was an unpardoned convict. The statute expressly disqualifies such a witness from testifying. Code of Criminal Procedure, article 782, subdivision 3. The State, upon proper objection, could have prevented the witness from testifying orally about his conviction, etc., and have required the defendant to produce the proper judgment of conviction, sentence, etc., but not having done this, and the witness being permitted to testify, clearly presents reversible error. White v. State, 33 Texas Crim. Rep., 177, and Moore v. State, 39 Texas Crim. Rep., 266.

Whether or not appellant had the pistol on this occasion was expressly denied by him in his testimony, and in addition he had several witnesses who also, in substance, so testified. The question of whether or not he had a pistol was, therefore, the material question in the case. Permitting the disqualified witness to testify is, therefore. reversible error.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*