ERNEST DALY v. THE STATE.

No. 2959.   Decided January 21, 1914.

1.—Burglary—Bills of Exception.

Where the bills of exception were accepted with the indorsement of the trial court's refusal to approve them and no attempt was made to prove up the bills, they can not be considered on appeal.

2.—Same—Evidence—Refreshing Memory of Witness.

Where the witness made a memorandum of the date of the burglary, or at least the time, it was called to his attention as an officer, he could refer thereto as a means of refreshing his memory, and this whether the record was original or not, the same not being used as evidence itself.

3.—Same—Convict—Pardon.

Where the bill of exceptions did not show what the testimony of the witness· was, but only disclosed that she had not been pardoned, and did not affirmatively show that she testified at all, the matter can not be revised on appeal, as her evidence is not in the record, if she testified at all.

4.—Same—Record of District Clerk.

Where the record of the district clerk could have been produced by proper process, and the record did not disclose on appeal whether the witness had testified, the objection as to her former conviction, etc., could not be considered.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. J. C. Muse, Jr., Special Judge.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of breaking into a private residence at night, his punishment being assessed at five years confinement in the penitentiary.

The residence was alleged to be the property of Daisy Williams.   Bills No. 1 and 5 to 10 inclusive, can not be considered, because they were refused by the court.   There was no attempt in any way to prove up the bills, but they were accepted with the endorsement of the trial court's refusal to approve them, therefore, they pass out of the case.

Bill No. 2 recites that while the witness, Gunning, was testifying he stated that the report of this burglary was kept in the city detective's office and was made by himself, and showed this burglary to have been committed on November 21, 1911.   The bill further states that upon cross-examination of this witness by the defendant witness testified that he was testifying from a record which was made by the witness, from a tab sheet on which the first notation of these reports were noted and transferred every day to the record.   At this juncture appellant objected to the testimony of this witness as to the date that this burglary

was reported to the detective's office, because the witness testified that he refreshed his memory, and was testifying from a record made by the witness from a tab sheet, which record was not the original, hence not the best evidence. We are of opinion there is nothing in this matter. If the witness made a memorandum of the date of the burglary, or at least the time that it was called to his attention as an officer, as stated ·in the bill, he certainly could refer to this record as a means of refreshing his memory if his mind was in any confusion about the dates. It would make no difference, so far as the objection here is concerned, that the record itself was not original and the manner of testifying by the witness was not the best evidence. It was not used as evidence. It was only used as we understand this bill to refresh the memory of the witness as to when this matter came to their knowledge, the report of it. He made this record, as was customary to do under the circumstances and referred to it only for the purpose of refreshing his memory. We think this testimony could not have been injurious to appellant, and under the bill was admissible.

Another bill recites that while the witness, Mittie Green, was on the stand defendant asked her the following question: "Q. Did you ever live in Bonham, Texas? Ans. Yes. Q. Were you ever convicted of a felony? Ans. Yes. Q. Have you ever been pardoned? Ans. No." Whereupon the defendant moved the court that the testimony of this witness be excluded from the jury on the ground that she was incompetent to testify. Then the county attorney asked for an adjournment of court until pardon could be secured for the witness. The court did adjourn at that hour, which was 11:45 in the morning, until 1:30 in the evening. The bill recites that defendant understood at the time of adjournment that this witness was convicted of a felony and sentenced from Bonham, in Fannin County. The court was called at 1:30 o'clock, and the judge ruled that the testimony of the witness would not be excluded; whereupon the defendant requested that the witness be brought into court to complete her cross-examination. It developed that the witness was not present; whereupon the court, over appellant's objection, allowed another witness to be placed on the stand and give her testimony, to which ruling of the court with reference to the witness, Mittie Green, and in allowing the witness, Harriott Watt, to testify, before the completion of the cross-examination of the witness, Mittie Green, the defendant excepted. The bill further recites that the action of the court overruling the defendant's objection to the admission of Mittie Green's testimony was highly prejudicial, because the same resulted in her being later cross-examined in the presence of the jury as to all matters of which she had testified, which was calculated to, and did so imbed her testimony in the minds of the jury so that the same influenced them, to the hurt of this defendant, in arriving at their verdict; and the conduct of the court in causing to be placed upon the stand and examined the witness, Harriott Watt, between the cross-examination of the witness, Mittie Green, served to keep the defendant from properly cross-examining the witness, Mittie

Green, and to keep her testimony before the jury a much longer time than would have been the case had the witness, Harriott Watt, not been permitted to testify. If the witness, Mittie Green, at 1:30 when court was called did not testify, the defendant could not complain that she did not testify. If she was an unpardoned convict, her testimony would not be admissible. This bill does not show what her testimony was, and only indirectly that she testified at all. As the bill is presented, the matter is so indefinite that we are unable to tell anything about it. The statement of facts fails to show that Mittie Green testified, and except from the indirect averments of this bill, that she did testify, and was kept before the jury a longer time than she would otherwise have been but for the intervention of the witness, Watt, we would not know that she was even a witness in the case, and the only evidence that shows to have been elicited from her has been already quoted, to-wit: that she had lived in Bonham; had been convicted of a felony and unpardoned. If she testified in the case, it may have been very beneficial to the defendant, but we are unable in view of the statements of the bills of exception, to revise the matter, and as presented it shows no error. Her evidence, if she testified, is not in the record either by bill or in statement of facts.

Another bill shows that counsel moved the court to take a short recess in order that the records of the district clerk showing former conviction of Mittie Green of a felony could be produced. This the court declined to do, stating that the process of the court was available to secure the testimony. This fact was within the knowledge of counsel, and could have been produced. Without some showing with reference to this witness, if she testified in the case, bringing the matter in review this court could not decide the question.

As these bills are presented no error is shown. If Mittie Green was an unpardoned felony convict and testified in the case, this was error. She had no right to testify, because the statute renders her incompetent. If it was sought to show her incompetency, it should have been done by the record. This was not done. If only to impeach her, she could have been made to testify to her conviction without producing the record. Except inferentially and indirectly these bills fail to show that she did in fact testify, and the bills do not show that she testified to any fact for or against. the defendant.

The judgment will be affirmed.

*Affirmed.*