CARL MARSHALL v. THE STATE.

No. 4867.    Decided January 30, 1918.

1.—Robbery—Sufficiency of the Evidence.

Where, upon trial of robbery, the evidence, although conflicting, was sufficient to sustain the conviction, there is no reversible error.

2.—Same—Continuance—Immateriality of Testimony—Want of Diligence.

Where the application for continuance did not show the materiality of the absent testimony and, besides, there was a want of diligence to secure the same, there was no reversible error in overruling it. Following Bowman v. State, 40 Texas, 8, and other cases.

### 3.—Same—Diligence—Practice in District Court.

It is the uniform rule that an application for a continuance must show what was done with the process; that is, whether it was served and when it was returned. Following Mitchell v. State, 36 Texas Crim. Rep., 278.

### 4.—Same—Evidence—Witness—Pardon—Bill of Exception.

Where the bill of exceptions disclosed that a State's witness was asked by defendant's attorney, as a preliminary to an objection to his testimony, if he had not been to the penitentiary and had been pardoned, to which the witness answered in the affirmative, whereupon it was insisted that he was disqualified, but the bill failed to show that the witness gave any testimony, there was no reversible error. Following Munger v. State, 57 Texas Crim. Rep., 384, and other cases.

### 5.—Same—Rule Stated—Pardon—Disqualification of Witness.

Where the right is asserted in a timely way the party offering the witness may demand that his disqualification must be proved by the record of the judgment of conviction, but this right is waived by failing to assert it at the proper time, and this rule is applied with reference to proof of pardon. Following Perry v. State, 69 Texas Crim. Rep., 644, 155 S. W. Rep., 263, and other cases.

### 6.—Same—Rule Stated—Pardon.

To prove orally that the witness has been pardoned waived the defendant's right to demand that the opposite party produce the pardon as a predicate for the witness' testimony on the facts of the case.

Appeal from the Criminal District Court of Dallas No. 2. Tried below before the Hon. C. A. Pippin.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of continuance: Willison v. State, 7 Texas Crim. App., 400; Bronson v. State, 59 Texas Crim. Rep., 17; Hogue v. State, 65 Texas Crim. Rep., 539, 146 S. W. Rep., 905.

On question of pardon of witness: Matthews v. State, 72 Texas Crim. Rep., 654; Batson v. State, 36 id., 606; Moore v. State, 39 id., 266; Daly v. State, 72 id., 531.

MORROW, Judge.—This is an appeal from a judgment condemning appellant to five years confinement in the State penitentiary for the offense of robbery.

The evidence, while conflicting, is sufficient to support the verdict. The injured party, Lambert, appellant and a witness named Turner had been drinking together on the night in question in the city of Dallas. Lambert and Turner testified that appellant knocked or pushed Lambert down and took several dollars in money off from his person. Another witness passing in a street car saw the occurrence but did not

know the parties. Appellant admitted that he was with the parties, but denied the robbery.

He made application for a continuance to secure the testimony of two witnesses, both of whom he alleged resided in Dallas County. By both of them he sought to prove circumstantially facts which would weaken the State's testimony. Some of the State's witnesses testified that the injured party exhibited some money during the time he and appellant were together in the saloon, and it was shown that appellant at the time of his arrest had in his possession three or four dollars in silver. One of the absent witnesses would have testified that the injured party had exhibited about 80 cents during the evening and had said that he had no more, and the same witness would testify also that appellant exhibited some money, four or five dollars in silver, which occurred a little over an hour before the alleged robbery. The other witness, it was alleged, would testify that the injured party was trying to borrow money from some unknown person during the evening he was with appellant, and that appellant had some two or two and one-half dollars in silver.

The application is justly criticised in the State's brief for failure to show materiality of this testimony. This is an element of an application which has often been held essential. Bowman v. State, 40 Texas, 8, and other cases cited by Mr. Branch in his Ann. P. C., p. 184, sec. 312, subdiv. 3.

The State also insists that the discretion of the trial judge in overruling the application was not abused in view of the absence of diligence to procure the witnesses, which the law requires. Each of the witnesses were alleged to have resided in Dallas County. What distance from the county seat is not shown. Subpoenas are alleged to have been issued for each of them, and for one of them it is alleged a subpoena was placed in the hands of the sheriff of Dallas County. No allegation is made with reference to the service of the subpoenas, nor information as to why they were not served, if in fact, they were not. The trial took place on October 1, 1917. The subpoenas were issued on the 29th day of September. No reason is shown in the application for failure to issue them at an earlier date, nor is there allegation as to what, if any, efforts were made to secure their attendance during the progress of the trial after their absence at the calling of the case was discovered. Under the circumstances the trial court was warranted in concluding that there was an absence of sufficient diligence shown.

It is a uniform rule that an application for a continuance must show what was done with the process—whether it was served and when it was returned. Mitchell v. State, 36 Texas Crim. Rep., 278; Branch's Ann. P. C., p. 187, sec. 315, and cases cited. Examining the application in connection with the evidence adduced upon the trial, it can not

be said that the absent testimony was such as would nave shown the action of the trial court erroneous. Branch's Ann. P. C., p. 183, sec. 306, and cases cited.

A bill of exceptions discloses that the State's witness Turner was asked by appellant's attorney, as a preliminary to an objection to his testimony, if he had not been to the penitentiary and been pardoned, to which he gave an affirmative answer, whereupon appellant objected to the witness giving testimony upon the ground that he was disqualified. The bill of exceptions fails to show that the witness did give any testimony. Even if the witness was incompetent, failure of the bill to show that he gave material testimony against appellant leaves the record in condition which renders it impossible for this court to determine that the supposed error was harmful. This is held in Munger v. State, 57 Texas Crim. Rep., 384; Campbell v. State, 63 Texas Crim. Rep., 595; Flores v. State, 72 Texas Crim. Rep., 232; 2 Vernon's Crim. Stats., art. 744, note 21, p. 537, and cases cited. The trial court in qualifying the bill, states in effect that he overruled the objection because the appellant had, by proving that the witness had been pardoned, established his competency and waived the production of the primary evidence of his pardon. Where the right is asserted in a timely way, the party offering the witness may demand that his disqualification must be proved by the record of the judgment of conviction, but that this right is waived by failing to assert it at the proper time. White v. State, 33 Texas Crim. Rep., 177; Moore v. State, 39 Texas Crim. Rep., 266. This principle appears to have been applied with reference to the proof of pardon in the case of Perry v. State, 69 Texas Crim. Rep., 644, 155 S. W. Rep., 263. In that case, however, the question arose with reference to using the disqualification and restoration of competency with reference to impeaching the witness. There is also some discussion of the subject in Batson v. State, 36 Texas Crim. Rep., 606. The view seems reasonable that if a party undertaking to disqualify a witness relies upon parol testimony to show conviction of crime and in connection with the proof thus made he, by the same character of proof and at the same time, shows that witness' competency has been restored by a pardon, that he has failed to establish the disqualification of the witness and by his own voluntary proof by parol, that the witness has been pardoned waives his right to demand that the opposite party produce the pardon as a predicate for the witness' testimony on the facts of the case. Whether this be the correct view or not, there is an absence of error shown by the bill in the failure therein to show that an alleged disqualified witness did give testimony adverse to the appellant.

Finding no reversible error in the record the judgment of the lower court is affirmed.

*Affirmed.*