# FEBRUARY, 1925.

### Austin Brown v. The State.

No. 8702.   Delivered February 11, 1925.

Rehearing granted June 10, 1925.

**1.—Assault to Murder—Practice on Appeal—Assignment of Error—Not Proper.**

We have often said that assignments of error are not required nor proper in this court, under our rules. We consider the bills of exception. While assignments of error are required in civil practice, to consider such assignments in criminal cases would be additional and unnecessary work on appellant's counsel, as well as on this court, and such practice is not encouraged in appeals to this court.

**2.—Same—Bill of Exception—Form of—Must be Complete.**

Bills of exceptions 2 to 8 inclusive in this record, are incomplete in failing to show the surroundings or antecedents of the matters enquired about, so that we might be informed from the bills, themselves of such facts as would support appellant's objections. The trial court passes upon the questions and their materiality, and we uphold his action, unless by the bill of exception itself, it is shown that he was in error. See Sec. 207, Branch's Ann. P. C. also subdivision 21 of notes under Art. 744 Vernon's Ann. C. C. P.

**3.—Same—Evidence—Leading Question—Harmless if Error.**

Where on a trial for an assault to murder, the State was allowed to ask a witness, who had already said that he could not tell whether appellant or complaining witness fired first, to state who fired the first shot, to which the witness replied "Both about the same time." If the question asked was leading in form, no possible injury could result to the appellant.

**4.—Same—Practice on Appeal—Extraneous facts—How Presented.**

Where appellant during the trial discovered and proved by oral testimony that a State witness had been formerly convicted of a felony, and asked for a postponement of the trial until he could investigate the truth of the matter relative to the conviction and pardon of such witness, the refusal of the postponement, as the matter is presented to us shows no error.

**5.—Same—Continued.**

Since the rendition of the opinion in the case of Black v. State, 41 Tex. Crim. Rep. 185, we have held uniformly that one who desires to present to the appellate court complaint of the disposition of issues of fact contained in his motion for new trial must do so either by bill of exception or by a statement of facts duly approved and filed during term time.

#### ON REHEARING

**6.—Same—Witness—Disqualification—Oral Testimony of.**

Where without objections from the adverse party, oral testimony of a conviction for felony is received, the disqualification of the witness is thereby shown, and his competency as a witness can be restored only by proof of his pardon, and the pardon must be proved by the written instrument upon which reliance is had for the restoration. See White v. State, 33 Tex. Crim. Rep. 177 and other cases. Underhill Crim. Ev., 3rd Ed., Sec. 334; Smiley v. State, 189 S. W. 482, and other cases. Upon reconsideration, we are of the opinion that appellant's request for postponement should have been granted.

7.—Same—New Trial—Refusal of—Error.

Upon the original hearing we declined to consider the matter of newly discovered evidence, under the impression that same was not preserved by bills of exception filed in term time. Upon further examination we find that the exhibits attached to appellant's motion for new trial show that state witness Williams had been convicted of a felony,.and under Art. 789 C. C. P. was not a competent witness. Appellant's motion for a new trial should have been granted. See Barber v. State, 87 Tex. Crim. Rep., 585.

Appeal from the District Court of Matagorda County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction of an assault to murder; penalty, two years in the penitentiary.

The opinion states the case.

*W. S. Holman,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Matagorda County of assault to murder, and his punishment fixed at two years in the penitentiary.

It is shown that on the occasion in question both appellant and the injured party took part in a shooting. There had been a prior difficulty between them. According to the testimony of the State witnesses, Williams and his wife, the assaulted parties, in their wagon started to town to make complaint against appellant. Their route ran past appellant's house, and fearing trouble they took a shotgun with them. While on their way appellant, on horseback, chased them at full speed and shot twice at them with a pistol and they returned the fire. The evidence sharply conflicted, but there are facts sufficient to support the jury's finding.

Appellant files sixteen assignments of error. There are ten bills of exception. This court does not try cases on assignments of error, but on bills of exception setting forth alleged errors. As we view it, the presentation of assignments of error but multiplies the work both of this court and of counsel for the parties. The bill of exceptions reflects the error, if any, and to require .or permit assignments of error, which in civil 'practice ordinarily follow the motion for new trial, would be to put that much additional work on appellant's counsel, and upon our inspection of the record would compel a comparison of the assignments of error with the bills of exception and could only tend to a multiplication of labor and to confusion. We have often said that assignments of error are not required under our rules. We consider the bills of exception.

Bill No. 1 sets out that the witness Williams, one of the alleged injured parties, was asked by State's counsel: "What did he say?" to which he replied, "I am going to kill you", and that he was also asked what he did after he got the blood washed off, and that he replied he sat down and his wife went over to Mr. South's. The objection was that this was immaterial, irrelevant and prejudicial. Nothing is stated in the bill which shows the surroundings or antecedents of the matters inquired about so that we might be informed from the bill itself of such facts as would support appellant's objection. The mere stating of objections ordinarily puts nothing before the appellate court. The trial court is judge of the matters involved both as to form of the questions and their materiality, and having held them correct in form and material in substance, we uphold his action unless by the bill of exceptions itself it is shown that he was in error. Sec. 207, Branch's Ann. P. C. for collation of authorities; also Subdiv. 21 of notes under Art. 744, Vernon's Ann. C. C. P. Tested by these rules, not only does the bill of exceptions under consideration fall short but also bills Nos. 2 to 8 inclusive.

The ninth bill of exceptions complains that the State was allowed to ask a witness who had already said that he could not tell whether appellant or the complaining witness fired first,—to state who fired the first shot, to which the witness replied, "Both about the same time." This answer of the witness comports entirely with what he had already said, and if the question asked was held to be leading in form, no possible injury could result to the appellant.

Bill No. 10 urges that upon his cross-examination of the complaining witness Tom Williams appellant discovered that some years before he had been convicted of a felony. No objection was interposed to the witness giving oral testimony of the fact of his conviction, nor of his further oral statement that he had been pardoned. It is averred in the bill that appellant verbally asked a postponement of the trial of the case until he could investigate the truth of the matters relative to the conviction and pardon, but that the court refused the request. This refusal is made the subject of this bill of exceptions. We have examined each case cited in appellant's brief but think them not applicable.

Appellant set up in his motion for new trial a number of matters relative to the question of the conviction and pardon of said witness, but we find in the record no bills of exceptions or statement of facts heard by the court relative to this extraneous issue, which was filed during term time. Since the rendition of the opinion in Black v. State, 41 Texas Crim. Rep. 185, we have held without variance that one who desires to present to the appellate court complaint of the disposition of issues of fact contained in his motion for new trial, must do so either by a bill of exceptions or by a statement of facts duly approved and filed during term time. The matters referred

to having not been carried either into a statement of facts or a bill of exception, present nothing for our review.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The principal witness for the State was Tom Williams. His testimony and that of the appellant, who became a witness in his own behalf, was in conflict. The conviction rests in the main upon the testimony of Williams. During the trial, appellant and his counsel, for the first time, learned that Williams had been convicted of a felony. Appellant then requested that Williams be recalled for further cross-examination, and the witness admitted that he had been convicted of a felony and sent to the penitentiary for a period of five years. Appellant requested the court to postpone the case until a certified copy of the judgment of conviction from Montgomery County could be obtained. This the court refused.

Appellant also insists that Williams' admission that he was a convict would disqualify him unless the pardon proclamation was proved by the best evidence. The court permitted Williams to testify that he had been pardoned. The bill of exceptions is somewhat meagre but sufficient, we think, to reveal the facts stated. We understand that when, without objection from the adverse party, oral testimony of conviction of a felony is received, the disqualification of the witness is thereby shown. See White v. State, 33 Texas Crim. Rep. 177; Bratton v. State, 34 Texas Crim. Rep. 477; Moore v. State, 39 Texas Crim. Rep. 266; Price v. State, 147 S. W. Rep. 243; Watts v. State, 148 S. W. Rep. 310; Matthews v. State, 163 S. W. Rep. 725; Branch's Ann. Texas P. C., Sec. 18, p. 10.

When, by either the record of conviction of by secondary evidence, without objection, a witness is shown to be a convicted felon, his competency as a witness can be restored only by proof of his pardon. When parole proof of a pardon is offered, objection that it was not the best evidence should be sustained, for against such objection the pardon must be proved by the written instrument upon which reliance is had for the restoration. See Underhill's Crim. Ev., 3rd. Ev., Sec. 334; Thompson v. State, 84 Texas Crim. Rep. 148. In the present case, the appellant and his counsel, upon learning that Williams was a convicted felon, pursued the procedure suggested in Smiley's case, 189 S. W. Rep. 482, wherein it is said:

"If this was the first intimation that appellant received that Burks had served a term in the penitentiary, he should then have asked a postponement of the case until he could send to Waco and get a

copy of the sentence, if he desired to do so, setting up the fact that he had not prior to this time been aware of such fact.''

The request for postponement should have been granted.

Upon the original hearing, we declined to consider the matter of newly discovered evidence under the impression that the new evidence was not preserved by bills of exception filed during the term. It is the established rule that when upon the hearing of a motion for new trial, the court hears evidence other than that which is embraced in the exhibits attached to and made a part of the motion, that his action will not be reviewed in the absence of a bill of exceptions or statement of facts, filed during the term, preserving the evidence upon which the court acted in overruling the motion. See Black v. State, 41 Texas Crim. Rep. 185; Reese v. State, 94 Texas Crim. Rep. 221; Crowley v. State, 92 Texas Crim. Rep. 103.

Upon further examination of the present record, we find that there is nothing which suggests that evidence was heard on the hearing of the motion for new trial. With the record in that condition, the presumption is indulged that in passing upon the motion the exhibits made a part of it were considered and this court, in testing the correctness of the action of the trial court, will not take the exhibits into account. This matter is discussed in some detail in Crouchett's case, 271 S. W. Rep. 99. The exhibits consist of certified copies of the records showing that the witness Tom Williams was convicted of a felony; that the penalty assessed was confinement in the penitentiary for a period of five years; that he was sentenced and incarcerated in the penitentiary and served his time; that the records in the office of the Secretary of State fail to show that any pardon was ever issued restoring his citizenship. Williams gave important testimony in favor of the State upon the main issue of guilt or innocence, which testimony was in conflict with that of the appellant, and manifestly entered into the verdict of guilty. From the newly discovered evidence it is apparent that under the statute of this State, (Art. 788, C. C. P), Williams was disqualified from giving the testimony. It is believed that in overruling the motion for new trial, the court fell into error. See Barber v. State, 87 Texas Crim. Rep. 585, and cases therein cited.

For the reason stated, the motion for rehearing is granted, the affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*