### BILL DARNABY v. THE STATE.

No. 8647. Delivered June 10, 1925.

**1.—Manufacturing Intoxicating Liquor—Evidence—Declarations of State Witness—Improperly Admitted.**

Where on a trial for manufacturing intoxicating liquor, the main prosecuting witness, when introduced, denied any knowledge of appellant's guilt, it was error to permit the State to introduce statements of said witness in writing made to the sheriff, and private prosecutor prior to the trial. See Price v. State, 147 S. W. 243, Branch's P. C. page 95.

**2.—Same—Requested Charges—Improperly Refused.**

Where evidence of statements made to the sheriff and private prosecutor by a state witness have been erroneously admitted, it is error to fail to charge the jury, when requested by appellant, to disregard such testimony, and in charging that such testimony could be considered, as affecting the credibility of such witness.

**3.—Same—Evidence—Hearsay—Improperly Admitted.**

It was error to permit the State to introduce a telegram to the state game warden at Austin, inquiring when a hunting license was issued to appellant in 1922, and a telegram from the state game warden in reply, that it was issued on November 22, 1922. While pertinent, these telegrams were hearsay of the purest type, and should have been excluded. Following Miller v. State, 144 S. W. 240.

4.—Same—Invoking Rule—Discretion of Court—Improperly Exercised.

While the excusing of a witness from the rule is usually within the discretion of the court, this discretion should be exercised, with sound reason, and we hold that it was not a proper exercise of this judicial discretion for the court in this case to excuse the state witness Burton from the rule, it not appearing that he was an officer of the court, nor that his presence in the court room was necessary to a proper trial of the case.|

5.—Same—Evidence—Matters Germane—Rule Stated.

In the examining of a witness his testimony should be restricted to matters germane to the case on trial. The appellant is to be tried for the offense with which he stands charged, and extraneous matters that have no bearing on the issues involved ought to be excluded.

6.—Same—Private Prosecutor—Side Bar Remarks—Improperly Permitted.

It was improper for the trial court to permit the private prosecutor during the progress of the trial to express his personal opinion with reference to the district attorney of another district. Such side bar remarks have no place in a trial properly conducted, and should be promptly suppressed.

Appeal from the District Court of Bosque County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Simpson Moore, Parker & Rawlings,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Bosque County for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant contends that the trial court erred in admitting in evidence the written statement made by the State's witness Jim Lowe to the special prosecutor before the trial began and also admitting statements of the same witness made to the private prosecutor and other officers privately and in the absence of the defendant.

The witness Jim Lowe was the first witness called by the State and was asked with reference to whether or not he had been present when the defendant manufactured liquor in Somervell County. The witness Jim Lowe disclaimed being present at the time appellant manufactured liquor. In this state of the record, the private prosecutor over objection of appellant asked him many questions as to a written statement the witness had made and signed in the presence of the private prosecutor and the sheriff, Mr. Wright, and others, excused said witness from the stand, and over the appellant's

objections placed the sheriff on the stand and identified the statement the witness had signed prior to the time he was on the witness stand and then introduced in evidence a written statement signed by the witness which written statement, if true, had a strong tendency to show the guilt of appellant. After reading the statement in evidence, the State again called the witness Jim Lowe to the stand and he testified to the truth of the things contained in the statement, repudiated his former testimony and gave thereafter testimony against the appellant. Appellant made proper and timely objections to this entire procedure and in addition thereto offered his special charges one and two, asking the court to instruct the jury not to consider the testimony of the witness Wright, and the witness Burton, (Burton having also testified to the statement being signed by Lowe), with reference to the statement of the witness Jim Lowe and also instructing the jury not to consider in evidence the written statement of the witness Lowe. All of his objections to the introduction of the testimony were overruled and his special charges were refused.

Instead of giving the special charges requested by the appellant concerning this matter, the court instructed the jury that the testimony of the witness Burton and Wright could only be considered, if at all, for the purpose of affecting the testimony if it did so, of the witness Jim Lowe, and the written statement of the witness Jim Lowe could only be considered for the purpose of affecting the credibility, if it did so, of Jim Lowe, and instructed the jury not to consider said testimony for any other purpose. This testimony ought to have been excluded in the first instance. Price v. State, 147 S. W. 243. Having failed to exclude it when objected to, it was clearly the duty of the court to instruct the jury not to consider it for any purpose, when timely requested to do so. It was also error for the court to instruct the jury that they could consider this testimony for the purpose of affecting the credibility of the witness Jim Lowe. It will be observed that the witness Jim Lowe was not attacked in the manner above stated by the appellant and it is clear that his testimony could not be supported in any such manner by the State. Branch's P. C., page 95 for full citation of authorities on this question.

The record in this case showed that the State's witnesses testified that they saw the defendant manufacturing whiskey in Somervell County in November, 1922. In rebuttal of this testimony appellant proved by the witness Holder, the county and district clerk of Somervell County, that it was a part of his duty to issue hunting licenses and that in that capacity on the 12th day of November, 1922, he issued to appellant a hunting license and this hunting license was placed in evidence. Appellant then offered various witnesses to the effect that he was away from Glen Rose on a hunting trip in November, 1922. Under this state of the record, the state was then

permitted to introduce in evidence over the objections of defendant, copies of two purported telegrams, one signed by the county attorney of Bosque County and addressed to W. W. Boyd, Game Commissioner, Austin, in which it was asked "on what date was Will Darnaby's hunting license issued from Somervell County in 1922?" In reply to this telegram was one signed by W. W. Boyd, addressed to the county attorney, which said: "hunting license issued Bill Darnaby November 22, 1922." Appellant objected to the introduction of these telegrams on the ground that they were hearsay and on many other grounds, and his objections were overruled. These telegrams were hearsay of the purest type, and the court erred in admitting them in evidence. Miller v. State, 144 S. W. 240.

Appellant complains at the court's action in refusing to invoke the rule as to the witness M. Burton, and in permitting said witness to remain in the court house and testify in behalf of the State. This is a matter usually within the discretion of the trial court, but we see nothing in this record that would justify the court in arbitrarily refusing to place this witness under the rule. He is not shown to have been an officer of the court and there is nothing in the record that shows that his presence in the court room was necessary to a proper trial of the case. As above stated, these are matters within the sound discretion of the court, and we are not holding that the court's action in this instance would be reversible error, but in view of another trial we see no reason why the rule should not have been applied to this witness.

In view of another trial of the case, we suggest the propriety of the trial court confining the testimony of the witness Dick Watson to matters germane to the case on trial. However interesting it may be, we fail to see the materiality of his testimony which contains his rather full autobiography. The appellant is to be tried for the offense with which he stands charged and extraneous matters that have no bearing on the issues involved ought to be excluded.

Complaint is made at the action of the court in permitting the private prosecutor to express his personal opinion during the trial with reference to the district attorney of another district. This matter will not likely occur on another trial of the case and it is sufficient to say that it had no place in this trial.

There are various other errors alleged by appellant, but they may not occur on another trial of the case.

For the errors above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.