## DICK JONES v. THE STATE.

No. 13638.   Delivered March 4, 1931.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $50.00.

The legal points raised will be the only ones discussed. The State offered Mr. Payne as a witness. Appellant asked him if he had not been sent to the penitentiary for robbery, and he said yes,—some thirty years ago. The bill of exception states that the purpose of the question was to establish the incompetence of the witness so that his testimony might be objected to. Upon the answer, objection was made on the ground that the witness had been convicted of a felony and was disqualified. The court overruled the objection, and, as shown by the bill of exception, the witness gave material testimony. Said bill is approved with no other qualification than that attention is called to the evidence adduced on the hearing of the motion for new trial. Examining the evidence thus referred to, it appears that Payne was then allowed to state upon said hearing that he was pardoned by Governor Sayers; that he had the pardon some years before but had made no search for it before coming to court; that the pardon was kept in an old trunk at his mother's who had been dead for several years, and he did not know where the old trunk was. He said he did not know what was in the pardon, but it was a full pardon.

Appellant's objection to this testimony was that it was hearsay, secondary and sought to establish by hearsay, facts of which the original pardon or a certified copy thereof would have been the best evidence. If the State, in the first instance, had objected to oral proof by the witness that he had been convicted of a felony, when same was offered for the purpose of disqualifying him, the court could have properly sustained such objection. White v. State, 33 Texas Crim. Rep., 177, 26 S. W., 72; Price v. State, 66 Texas Crim. Rep., 400, 147 S. W., 243; Watts v. State, 67 Texas Crim. Rep., 4; 148 S. W., 310; Marshall v. State, 82 Texas Crim. Rep., 623, 200 S. W., 836; Brown v. State, 101 Texas Crim. Rep., 63, 274 S. W., 588. The rule is otherwise when it is shown that such testimony was sought merely for the purpose of affecting the credibility of the witness. Batson v. State, 36 Texas Crim. Rep., 606, 38 S. W., 48; Daly v. State, 72 Texas Crim. Rep., 531, 162 S. W., 1152. It plainly appearing from the recitals of this bill of exception that the purpose of eliciting such testimony from the witness was to effect his disqualification, and he having admitted without objection that he had been convicted of a felony and thereafter confined in the penitentiary, he stood in the attitude of an incompetent witness,—under our present statute, Article 708, C. C. P., as construed in Underwood v. State, 111 Texas Crim. Rep., 124, 12 S. W.

(2d) 206,—and the trial court was clearly in error in admitting his testimony.

Could the State cure this error by oral proof, upon the hearing of the motion for new trial, that the witness had been pardoned and the pardon lost? Without discussing this dubious proposition, we note that the State had and offered no certified copy of any pardon of the witness at such hearing, but depended solely on proof orally given by the witness that he had been pardoned and that the pardon was lost or misplaced. Our decisions seem uniformly to hold that proof of loss of the original pardon authorizes the use of a copy certified by the Secretary of State, to establish the fact of pardon. In Cooper v. State, 7 Texas Crim. App., 199, appears the following: "In case of loss of the original, the proof may be made by a certified copy under the great seal of the State." See Hunnicutt v. State, 18 Texas App., 520, 51 Am. Rep., 330; Baker v. State, 79 Texas Crim. Rep., 513, 187 S. W., 949. Mr. Underhill, in Section 334, Third Edition of his work on Criminal Evidence, speaking of the method of proving a pardon, says: "This must be done by the production in court of the instrument itself, or a certified or exemplified copy."

There may be confusing statements in some of the opinions,—as in Smiley v. State, 80 Texas Crim. Rep., 280, 189 S. W., 482, wherein it appears that a question was asked of a witness if he had not been in the penitentiary following a felony conviction,—and that the witness having answered, "Yes", a motion was made to exclude his testimony, which motion was overruled, and this court upheld the action of the lower court. In the opinion in that case it is said that such testimony being admissible as affecting the witness' credibility, his oral testimony would not render him incompetent as a witness, and Moore v. State, 39 Texas Crim. Rep., 266, 45 S. W., 809; Bratton v. State, 34 Texas Crim. Rep., 477, 31 S. W., 379; and White v. State, supra, are cited. In Moore's case, Gaines, a State witness, was asked by appellant when first offered as a witness, if he had not been sent to the penitentiary and had never been pardoned. He said, "Yes". The accused then asked a postponement of the case so that he might secure record evidence of such conviction, but at no time made objection to the testimony of the witness. He presented to this court on appeal only the point that the court erred in refusing to postpone. Judge Davidson said that the State having made no objection to the oral disqualification resulting from the testimony of the witness himself, there was no error in refusing to postpone to get record evidence for the same purpose,—that what appellant should have done was to object to the testimony of said witness after he had admitted that he was disqualified. It is observed in said opinion that this examination was not shown to have been resorted

to for the purpose of impeachment; that the witness was questioned before he testified and as soon as he was offered.

We find in the opinion in the Bratton case, supra, only the following:

"Appellant testified. Upon cross-examination, over his objection, the State proved he had been convicted and sent to the penitentiary for the theft of a horse; the objection being, that the record was the best evidence. For the purpose this evidence was introduced, namely, to impeach the witness, the record was not necessary."

White's case, supra, makes a clear distinction between the rule applicable when the object of such question is disqualification of the witness,—and when it is merely to discredit him,—holding that in the first instance the opposite party may object to oral proof of conviction of a felony, but that in the latter such oral proof from the witness himself of conviction of a crime imputing moral turpitude, is admissible. In Smiley's case, supra, it may have been the conclusion of the member of this court who wrote, based on facts shown in that record, that oral proof of the conviction of the witness Burk for a felony was offered for the purpose of discrediting him as a witness. It does not appear that objection was made to the testimony of the witness in limine, or that any question was raised concerning same till during cross-examination, but the opinion seems to state in effect that as soon as Burk admitted on cross-examination, in answer to questions asked without objection by the State, that he had been to the penitentiary,—the accused moved to exclude his testimony because he was thus shown to be incompetent to testify. In our opinion if said record contained no other showing that the fact of such conviction was brought out for the purpose of discrediting the witness, than appears in the opinion,—this would not suffice to show that the purpose of the question was to discredit the witness, but would appear to support the proposition that the purpose of same was to disqualify him, in which latter case we would be of the opinion that the motion to exclude the testimony of the witness should have been sustained. The Smiley case is somewhat like that of Moore v. State, supra, on its facts, but not on its conclusions. We are of opinion that in the instant case the trial court erred on the hearing of the motion for new trial, in allowing the State, over objection, to prove orally by Mr. Payne that he had been given a full pardon, and that Payne's testimony should not have been received in the first instance, after he admitted he had been convicted and sent to the penitentiary. Upon objection thus being made, based on the ground of incompetence, the court should have ascertained at that time whether such witness had been pardoned, and in the absence of some such proof his testimony should not have been admitted.

We are of opinion that it is not a necessary part of a charge on

the trial of one indicted for assault to murder, under the law as it now is, to define or submit malice aforethought, unless same has been charged in the indictment. King v. State, 117 Texas Crim. Rep., 43, 36 S. W. (2d) 490, opinion February 25, 1931. It is not necessary that an indictment for assault to murder allege the assault to have been with malice aforethought. The last above observations are made merely to keep the record straight, but have no application here since appellant was convicted only of a misdemeanor.

The right of the officer, the injured party in this case, to arrest without warrant one committing a breach of the peace, was explained to the jury in the first part of the fifth paragraph of the court's charge, but we are of opinion that the latter part of said paragraph wherein the court said: "However, if you believe from the evidence beyond a reasonable doubt, that the said Ben Jones had not prior to the time of the said arrest, committed a breach against the public peace as that term is hereinbefore defined, then, in that event, you are instructed that the officers would not have had the right to arrest the said Ben Jones, and the said Ben Jones would have had the right to use all necessary means to prevent the said officers from arresting him, or exercising control over him," was not a correct statement of the law applicable, and placed a greater burden on appellant than he was compelled to bear.

The officer was not on trial but appellant was. The State had to make out its case beyond a reasonable doubt. Proof that appellant was violating the law, was committing a breach of the peace, if that be relied on as giving to the officer the right to arrest without warrant, would have to be made showing such fact beyond a reasonable doubt. The appellant does not have to prove anything beyond a reasonable doubt.

According to the theory of the State, appellant and his brother were principals in an attack upon the officer, the attempt of the State being to show that they were acting together in such manner as that each became and was liable for the acts of the other. In such case appellant might be guilty of the same offense, if any, as his brother. The charge submitting this phase of the case should be carefully drawn. The argument complained of will not likely occur upon another trial, if one be had.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Hawkins, J., not sitting.