JOE GALBAU AND TONY JUAN v. THE STATE.

No. 16146. Delivered November 22, 1933.
Reported in 64 S. W. (2d) 971.

The opinion states the case.

*Peden, Johnson & Peden,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellants were jointly indicted for an attempt to rob Raymond Rosas; they were jointly tried, resulting in conviction of each of them with a punishment of seven years in the penitentiary assessed against each.

The evidence for the state shows that on the night of December 6, 1932, appellants met Rosas; one of them held him while the other cut him with a knife, demanding that Rosas turn over to them all the money he had. Rosas struck one of them with his fist, got away and ran to the hospital for medical attention, and reported the attempted robbery.

Appellants claimed that they were drunk and assaulted Rosas because he was making fun at their efforts to sing, they each testified and denied any attempt to get money or any intent to do so. This issue was properly submitted, and the jury's finding was against them.

In their motion for new trial appellants set up newly discovered evidence, and attached the affidavit of the claimed newly discovered witness to the effect that the appellants and Rosas were fighting; that he stopped the fight, but heard nothing said about "money." The evidence shows that appellants had been in jail since the night of the alleged offense. Their testimony on the trial shows that they claimed another party was present at the time the offense was committed, whom they knew by sight, but not by name. If they ever communicated this information to their attorney the record fails to show it, or if he ever made any effort to learn the identity of the absent witness it is not shown. The state contested diligence, averring that both appellants were well acquainted with the claimed newly discovered witness, and had known him for years.

The order overruling the motion for new trial recites that the court heard evidence after which the motion was denied. Such evidence is not brought forward, either by bill of exception or statement of facts. Presumptively the order of the court was correct. Cade v. State, 96 Texas Crim. Rep., 523, 258 S. W., 484; Crouchette v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99; Brown v. State, 101 Texas Crim. Rep., 63, 274 S. W., 588.

The judgment is affirmed.

*Affirmed.__*