## LEE WESLEY MARSHALL v. STATE.

No. 30,894. January 6, 1960.

*D. F. Sanders* and *Malcolm R. Sanders,* by *Malcolm R. Sanders,* Beaumont, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, *Jim Vollers,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder without malice; the punishment, two years.

Our prior opinion is withdrawn.

In view of our disposition of the case, a recitation of the facts is not necessary.

The state called the witness Hamilton, and appellant objected to his testifying on the grounds that he was incompetent. On voir dire, appellant developed that Hamilton had been convicted in the United States District Court in Galveston, Texas, on July 1, 1924, of a felony in connection with "the liquor business," fined $2500, and sentenced to one year and a day in the Federal penitentiary, at Atlanta, Georgia; that he paid such fine, served the sentence, and had never been pardoned.

A witness is incompetent as an unpardoned convict if he was convicted prior to the amendment of Article 788, C.C.P.

(1911), in 1925, (C.C.P. Art. 708), of an offense which was a felony in the jurisdiction where the witness was convicted, as as well as under the laws of Texas. Amaya v. State, 87 Texas Cr. Rep. 160, 220 S.W. 98; Jones v. State, 117 Texas Cr. Rep. 8, 36 S.W. 2d 736; and Underwood v. State, 111 Texas Cr. Rep. 124, 12 S.W. 2d 206. The witness was incompetent and testified to facts which were both material and harmful to appellant, and this calls for a reversal of this conviction.

Upon another trial, the state should not be permitted to prove that shortly prior to the homicide the deceased had made an effort to get someone to take him to his home. Appellant knew nothing of such efforts, and proof of the same struck at the heart of appellant's defense. Branch's Ann. P. C. 2nd, Sec. 2109, p. 433; Archer v. State, 98 Texas Cr. Rep. 91, 263 S.W. 305; and Brumley v. State, 21 Texas App. 222, 17 S.W. 140.

For the errors pointed out, the judgment is reversed and the cause is remanded. The state's motion for rehearing is overruled.