JOHN HENRY DUFFIELD v. THE STATE.

No. 11626.   Delivered June 13, 1928.

The opinion states the case.

*T. B. Hamilton* and *Adams & Hamilton* of San Augustine for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being four years in the penitentiary.

The indictment charged the sale to have been made to Lester Wilson. We gather from bills of exception numbers one and two that when this witness was placed on the stand by the state appellant sought to disqualify him as a witness by making oral proof by the witness that he had been convicted of a felony and had not been pardoned. In this effort he was met by objection from the state which the court sustained. For the purpose of impeachment a witness may testify that he has been convicted of a felony, but if the purpose be to disqualify the witness the judgment of the conviction is the best evidence if inquiry of the conviction or pardon be met with objection. Watts v. State, 67 Tex. Cr. R. 4, 148 S. W. 310; Harris v. State, 67 Tex. Cr. R. 423, 148 S. W. 1071; Price v. State, 147 S. W. 243; Brown v. State, 101 Tex. Cr. R. 63, 274 S. W. 588.

Bills of exception three, four, five, six and seven bring forward complaint because the court declined to permit witnesses to answer certain questions propounded by appellant which questions are set out in the bills of exception but the answers expected are not shown. Manifestly no error appears. (Many authorities are collated in Sec. 212, Subdivision 4, Branch's Ann. Tex. P. C. and under Note 31, Art. 667, Vernon's C. C. P. Vol. 2.)

In bill of exception number eight complaint is brought forward of an argument of the district attorney in saying that a certain witness for appellant was the biggest bootlegger in the state of Texas. The bill is endorsed over the judge's signature as follows: "Examined, *refused* and signed by me and ordered filed, etc." If the bill was *refused* by the trial judge it has no place in the record; but if it be considered it shows no error. No facts are stated in the bill which

would apprise this court that the argument was improper or not authorized under the evidence.

Lester Wilson testified that he bought the whiskey from appellant; that Bob Farrell, Audry Smith and Raymond Herndon were traveling in the car with Wilson when he got out and went on the railroad to buy the whiskey, and that the named parties were in a position to have seen appellant. The three witnesses named denied seeing appellant at the time of the claimed transaction. Under these circumstances appellant contends that the evidence does not support the verdict. Neither the state nor appellant have any grounds to boast as to the character of their witnesses. Wilson, the state's witness, admitted that he had served a term in the penitentiary for theft of an automobile, and was at the time of the trial under another indictment charging a similar offense; Farrell had been indicted for driving a car while he was intoxicated. Smith had been convicted for a felony and was under suspended sentence, and without objection it was shown that Herndon had been connected with some burglary transaction investigated in the juvenile court. Under the circumstances we have no disposition to usurp the function of the jury to determine the credibility of witnesses and the weight to be given their testimony.

Finding no error brought forward in such manner as would justify reversal, the judgment must be affirmed.

*Affirmed.*