LEE DAVIS v. THE STATE.

No. 13097. Delivered February 26, 1930.
Reported in 25 S. W. (2d) 323.

The opinion states the case.

*A. R. Rucks* of Angleton, and *E. C. Hill* of Portland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at death.

Sidney Symms was killed by a bullet fired from a pistol. His death was caused by a bullet entering his body near the hip and going through his intestines. The deceased was a guard of the convicts at the State Penitentiary. The appellant and one, Willie Davis, were convicts, the appellant being under a sentence of 99 years and Willie Davis for 25 years, both for robbery with firearms. They were a part of a squad of ten convicts under the supervision of Symms. Another squad of twelve convicts, under the supervision of one Sealey, was nearby. The appellant and Willie Davis made an agreement to effect their escape. Symms was armed with a pistol in his scabbard and a shotgun which he had in his hand. According to the appellant, the agreed plan was that they were to go for a drink of water and that as they passed the deceased, the

appellant was to grab him, and according to his testimony, the appellant did grab the deceased, who was sitting upon a block with a shotgun in his lap. The appellant grabbed the shotgun from the left side of the deceased and Willie Davis at the same time attacked him from the right and grabbed his pistol. Two shots were fired from the pistol, one of which killed the deceased. The appellant and Willie Davis fled together, one being possessed of the pistol and the other of the shotgun of the deceased. They were apprehended upon the following day about twenty-five miles from the scene of the homicide. The shotgun was thrown away after they had gone about a mile; and they also threw the pistol away shortly before they were arrested. According to the appellant, he threw the shotgun away because he could run faster without it. The pistol was thrown away because of fear of the guards. The fact that the shotgun was not loaded was learned after they had gone about a mile from the scene of the homicide.

Some of the guards testified to the fact that the pistol was fired by Willie Davis. It appears that the pistol was taken from the scabbard; that the bullet entered the scabbard from the outside and passed through it. Appellant claimed, however, that the pistol was fired accidentally while Willie Davis was engaged in an effort to disarm the deceased. Appellant disclaimed any intent to take the life of the deceased. He said that that was not contemplated but that they had to disarm their guard in order to make their escape.

The court instructed the jury in a charge against which no exceptions were leveled. He charged on the various phases introduced by the evidence. The charge contained a definition of malice aforethought and an instruction on the law of principals. He informed the jury that unless the appellant acted with malice aforethought, there could be no penalty against him in excess of five years' confinement in the penitentiary.

In the 8th paragraph of his charge, the court gave the following instruction:

"If you believe from the evidence, beyond a reasonable doubt, that the defendant is guilty, as charged in the indictment, then you are instructed that you may consider the condition of the mind of the defendant at the time of the killing in determining the punishment, if any, to be assessed against the defendant, Lee Davis, and as going to show the condition of the mind of the defendant at such time, you may take into consideration all the facts and circumstances surrounding the killing and the previous relationship existing

between the defendant and the said Sidney Symms, together with all the facts and circumstances in evidence."

Paragraph 10 of the court's charge reads thus:

"You are further instructed that if you believe from the evidence that the defendants had conspired to disarm the said Sidney Symms and escape, but did not intend to kill the said Sidney Symms, and that in the attempt on the part of Willie Davis, to take the pistol from the possession of said Sidney Symms the said pistol was accidentally discharged and by such accidental discharge said Sidney Symms was shot from which wound he died, or if you have a reasonable doubt whether said pistol was fired accidentally or intentionally, then you must acquit the defendant, Lee Davis."

Lee Davis and Willie Davis were jointly charged with murder. Upon the calling of the case, the district attorney announced and the court found as a fact, that Willie Davis was seriously ill and unable to stand the trial, and announced ready for trial as to Lee Davis. To that procedure the appellant objected, stating that no severance had been demanded by either of the parties and that the appellant desired a joint trial to the end that he might have the benefit of the testimony of Will Davis, who would have testified that on the part of neither Lee Davis nor Willie Davis was there any design to kill the deceased; that while the appellant and Willie Davis were undertaking to disarm Symms and in their scuffle with him his pistol was discharged, the bullet taking effect in his body. The court overruled the motion of the appellant, based upon the facts above recited, to continue his case. In support of his claim that the motion to continue was improperly overruled, the appellant cites the case of Krebs v. State, 3 Tex. Cr. App. 348. The analogy of the two cases is not perceived. In the Krebs case, supra, the accused made an application for a severance, setting up the statutory ground in substance that it was believed by the accused that there was not sufficient evidence against his co-defendant to warrant his conviction. The court granted the order of severance, and thereafter, the case of the co-defendant was continued. The court held that under the circumstances, the order of severance having been made, the accused could not be deprived of it by a subsequent order of the court continuing the case of his co-defendant. In the present instance the appellant made no affidavit asking for a severance such as is required by Art. 651, C. C. P., 1925, averring under oath that it was believed that there was not sufficient evidence against Willie Davis. In fact, there was no application for a severance or affidavit

before the court which would have justified a severance in behalf of the accused. The conditions under which the appellant was put to trial as portrayed by the bill of exception are not regarded as having transgressed the rights of the accused or to warrant a reversal of the judgment. In that connection it may be added that in the bill of exceptions it is not shown, nor is there any attempt to show, that if there had been a joint trial that Willie Davis would have given testimony. Being a co-indictee, he could not have been called as a witness for the accused. C. C. P., 1925, Art. 711; P. C., Art. 82; Jones v. State, 85 Tex. Cr. R. 538. Neither could Willie Davis have been called for the State because he was entitled under the Constitution to his right of silence. Const. of Texas, Art. 1, Sec. 10.

The second bill of exception presents no reversible error for the reason that the testimony of the appellant, as well as of the State's witnesses, made evident the fact that the deceased was shot in an encounter in which both the appellant and Willie Davis participated. The crucial question was not who shot the deceased, but whether the shooting was intentional or accidental. In the bill it is made to appear that when Sealey (the guard who was in charge of another squad of convicts), heard the shots, he went on horseback to the place where the deceased lay upon the ground. He reached it in about half a minute and asked the persons who were present (the eight convicts who remained in the squad under the charge of Symms) who shot Symms, and some one in the squad said: "Lee Davis and Willie Davis had shot him." The reception of this testimony was opposed upon the ground that it was hearsay. In view of the testimony adduced, including that of the appellant to which we have adverted above, the bill does not show any reversible error.

Bill No. 3 reflects the complaint of the ruling of the court with reference to the witness, Albert Furlow, who was called by the State as a witness, and in reply to a question by the appellant's counsel, stated that he was a convict. State's counsel objected to the proof by verbal testimony that the witness was a convict. The ruling of the court, if we comprehend it, was to the effect that verbal testimony was competent to prove that the witness was a convict for the purpose of affecting his credibility, but that to disqualify him the record of his conviction would be necessary. The court's ruling seems not out of harmony with the precedents. See White v. State, 33 Tex. Cr. R. 177; Brown v. State, 101 Tex. Cr. R. 63. The bill seems unimportant, however, for the reason that it fails to set out the testimony that was given by the witness.

As stated above, the questions of fact were submitted to the jury in a charge of which no complaint was made and which fairly presented the issues in an appropriate manner. Evidence is not wanting to support the jury's conclusion that the conspiracy between the appellant, Lee Davis and Willie Davis contemplated the taking of the life of Symms, if necessary, to effect the escape of the accused and his companion. We are constrained, therefore, to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*